DUILIO GIANNITRAPANI v. DUKE UNIVERSITY, TERRY SAN-FORD, PRESIDENT OF DUKE UNIVERSITY, EDWIN L. JONES, JR., AMOS R. KEARNS, DR. JOHN KNOWLES, JOHN A. McMAHON, CLIFFORD W. PERRY, MARY SEMANS, WALTER M. UP-CHURCH, JR., FRED VON CANON, DR. JACK W. BONNER III, KEITH H. BRODIE, M.D., DOYLE GENTRY, RUFUS H. POWELL, EDWARD W. BUSSE, M.D., CHARLES W. NEVILLE, JR., M.D., WILLIAM G. ANLYAN, FREDERICK CLEAVELAND

No. 7628SC283

(Filed 15 September 1976)

Appeal and Error § 14— timely filing and service of appeal notice — jurisdictional matters

The provisions of G.S. 1-279 and Appellate Rule 3 require both filing and service of notice of appeal within ten days after entry of judgment, and the trial court lacks authority to permit the notice of appeal to be served after the expiration of ten days following the entry of judgment; furthermore, timely filing and service of notice of appeal are jurisdictional matters requiring dismissal of the appeal for noncompliance.

APPEAL by plaintiff from *Griffin, Judge.* Judgment entered 11 February 1976 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 24 August 1976.

On 17 November 1975, following a hearing on a motion by plaintiff for a preliminary injunction and a motion by defendants to dismiss the action pursuant to G.S. 1A-1, Rule 12(b)(6), the trial court entered judgment denying plaintiff's motion and allowing defendants' motion, dismissing the action.

On 25 November 1975 plaintiff *pro se* filed a notice of appeal to the judgment aforesaid and the trial court made appropriate appeal entries.

By motion pursuant to Rule 25 of the N. C. Rules of Appellate Procedure, dated 21 January 1976, defendants asked the trial court to dismiss the purported appeal for the reason that the notice of appeal which was not given in open court was not served on defendants as required by G.S. 1-279 and Appellate Rules 3 and 26.

On 11 February 1976, following a hearing on defendants' motion to dismiss the appeal, the trial court entered judgment (1) finding facts as contended by defendants; (2) concluding that the requirement that notice of appeal be served upon all parties within ten days from the entry of judgment is jurisdictional and failure to comply requires dismissal of the appeal, and that the court lacks discretion to permit notice of appeal to be served on defendants after the expiration of ten days following entry of the judgment; and (3) dismissing the appeal. Plaintiff appealed.

*Chambers, Stein, Ferguson & Becton, by J. LeVonne Chambers and Louis L. Lesesne, Jr., for plaintiff appellant.*

*Powe, Porter, Alphin & Whichard, P.A., by E. K. Powe, for defendant appellees.*

BRITT, Judge.

At the outset we point out that plaintiff's present counsel did not represent him at the time notice of appeal was given. The record discloses that plaintiff discharged his trial counsel immediately following entry of the 17 November 1975 judgment and did not employ his present counsel until sometime after he gave notice of appeal.

**Giannitrapani v. Duke University**

Plaintiff contends that the trial court erred in its conclusions of law and particularly the conclusion that the court lacks discretion under Appellate Rule 25 to permit the notice of appeal to be served after the expiration of ten days following the entry of judgment. We disagree with this contention.

Rule 25 provides in pertinent part: "If after giving notice of appeal from any court, commission, or commissioner the appellant shall fail within the times allowed by these rules or by order of court to take any action required to present the appeal for decision, the appeal may on motion of any other party be dismissed. Prior to the docketing of an appeal in an appellate court motions to dismiss are made to the court, commission, or commissioner from which appeal has been taken . . . . "

Our Appellate Rule 3(a), which is almost identical to G.S. 1-279(a), provides as follows:

(a) *From Judgments and Orders Rendered in Session.* Any party entitled by law to appeal from a judgment or order of a superior or district court rendered in a civil action or special proceeding during a session of court may take appeal by

(1) giving oral notice of appeal at trial, or at any hearing of a timely motion under Rule 59 of the Rules of Civil Procedure for a new trial or to alter or amend a judgment, or under Rule 50 of the Rules of Civil Procedure for judgment notwithstanding the verdict with or without a motion for a new trial; or

(2) filing notice of appeal with the clerk of superior court *and serving copies thereof upon all other parties* within the time prescribed by subdivision (c) of this rule. (Emphasis added.)

Rule 3(c) provides in pertinent part: "If not taken by oral notice as provided in Rule 3(a)(1), appeal from a judgment or order in a civil action or special proceeding must be taken within 10 days after its entry. . . . "

Appellate Rule 27(c) provides: "Except as herein provided, courts for good cause shown may upon motion extend any of the times prescribed by these rules or by order of court for doing any act required or allowed under these rules; or may permit

an act to be done after the expiration of such time. *Courts may not extend the time for taking an appeal prescribed by these rules or by law."* (Emphasis added.)

Defendants argue that G.S. 1-279 and Appellate Rule 3 require both filing *and* service of notice of appeal within ten days after entry of judgment; that Appellate Rule 27(c) allows neither filing nor service to be made late; and that timely filing and service of notice of appeal are jurisdictional matters requiring dismissal for noncompliance. We find this argument persuasive.

The present N. C. Rules of Appellate Procedure and G.S. 1-279 as now written became effective 1 July 1975. While it appears that neither the Supreme Court nor this court has passed upon the question presented as it relates to the present rules and statute, we find decisions relating to superseded statutes instructive.

Prior to 1 July 1975, G.S. 1-279 and 280, provided the primary procedure for taking appeals in civil actions. The substantive provisions of these statutes are now encompassed in G.S. 1-279 and Appellate Rule 3. In numerous decisions prior to 1 July 1975, the Supreme Court and this court held that the provisions of (former) G.S. 1-279, 280, were jurisdictional and unless said statutes were complied with, the appellate court acquired no jurisdiction of the appeal and it must be dismissed. *See Teague v. Teague,* 266 N.C. 320, 146 S.E. 2d 87 (1966); *Walter Corp. v. Gilliam,* 260 N.C. 211, 132 S.E. 2d 313 (1963); *Aycock v. Richardson,* 247 N.C. 233, 100 S.E. 2d 379 (1957); and *Dunn v. Highway Commission,* 1 N.C. App. 116, 160 S.E. 2d 113 (1968).

We think the decisions cited apply with equal force to G.S. 1-279 as now written and to Appellate Rule 3. Consequently, we hold that the trial court did not err in entering the judgment dismissing the appeal.

Plaintiff has filed a petition for a writ of certiorari and we are aware of Appellate Rule 2 and of our authority to review the cause by certiorari, either on our own initiative or upon application by a party. However, after careful consideration, we have denied the petition.

Affirmed.

Judges MARTIN and HEDRICK concur.