SYBIL McGINNIS SMITH v. HAROLD WAYNE SMITH

No. 7918DC101

(Filed 16 October 1979)

**Appeal and Error § 14— notice of appeal to opposing party—timeliness**
    Rule 26(b) of the Rules of Appellate Procedure which prescribes the proper procedure for service of notice of appeal should be interpreted as requiring that the papers referred to therein be served on all other parties to the appeal on the day of or before the day of filing; therefore, service of notice of appeal on plaintiff's counsel was timely where it was made by depositing the notice in the mail on the same day, though at least two hours later, that notice was filed with the clerk of court.

APPEAL by defendant from *Alexander (Elreta M.), Judge.* Order entered 30 August 1978 dismissing defendant's appeal from order of 11 August 1978 entered in District Court, GUILFORD County. Heard in the Court of Appeals 17 September 1979.

This is an action for custody and support of a minor child. On 15 July 1976 plaintiff filed an action in Superior Court in Guilford County against defendant seeking custody of the parties' minor child. By consent order dated 4 August 1976 custody of the minor child was awarded to plaintiff-mother. Two further orders were entered on 29 July 1977 and 5 August 1977 making minor changes in the visitation privileges originally granted. On 27 July 1978 defendant filed a motion in the cause in district court seeking a change in custody or, in the alternative, increased visitation privileges. By order dated 11 August 1978 the district court granted those privileges and increased child support payments, but denied the motion to change custody. On 21 August 1978 defendant filed a written notice of appeal from the order of 11 August along with a certificate of service on plaintiff's attorney. On 23 August 1978 plaintiff filed a motion to dismiss the appeal, alleging a defect in service of defendant's notice of appeal. A supporting affidavit signed by plaintiff's attorney stated that he re-

ceived the Notice of Appeal on 23 August 1978 in an envelope bearing a postmark of 22 August 1978. On 30 August 1978, after a hearing on plaintiff's motion to dismiss the appeal for failure to comply with the provisions of Rules 3 and 26 of the North Carolina Rules of Appellate Procedure, the district court judge entered an order dismissing the appeal. Defendant appeals from this order.

*Adams, Kleemeier, Hagan, Hannah & Fouts, by Joseph W. Moss for plaintiff appellee.*

*Henderson & Jennings, by Neill A. Jennings, Jr. for defendant appellant.*

PARKER, Judge.

Defendant assigns error to the conclusion of the trial court that he failed to comply with the provisions of Rule 3 and Rule 26 of the Rules of Appellate Procedure. Under App. R. 3 and G.S. 1-279, appeal from a judgment or order in a civil action must be taken within ten days from its entry. The requirement of timely filing and service of notice of appeal is jurisdictional, and unless the requirements of both G.S. 1-279 and the Rules of Appellate Procedure are met, the appeal must be dismissed. *Giannitrapani v. Duke University*, 30 N.C. App. 667, 228 S.E. 2d 46 (1976). Rule 3(a) of the Rules of Appellate Procedure provides in pertinent part:

> Any party entitled by law to appeal from a judgment or order of a superior or district court rendered in a civil action or special proceeding during a session of court may take appeal by . . .
>
> (2) filing notice of appeal with the clerk of superior court and serving copies thereof upon all other parties within [ten days after the entry of the judgment or order].

App. R. 26 prescribes the proper procedure for service of the notice of appeal:

> (b) *Service of All Papers Required.* Copies of all papers filed by any party and not required by these rules to be served by the clerk shall, *at or before the time of filing,* be served on all other parties to the appeal. (emphasis added).

(c) *Manner of Service* . . . Service may also be made upon a party or his attorney of record by delivering a copy to either or by mailing it to either at his last known address . . . . Service by mail is complete upon deposit of the paper enclosed in a postpaid, properly addressed wrapper in a Post Office or official depository under the exclusive care and custody of the United States Post Office Department.

In its findings of fact, the trial court found that notice of appeal was filed in the Office of the Clerk of Superior Court of Guilford County on 21 August 1978 at 3:58 p.m. and that defendant's attorney placed a properly addressed envelope containing the Notice of Appeal and Certificate of Service in an official depository under the exclusive care and custody of the U.S. Post Office department at some time after 6:00 p.m. on 21 August 1978. Based on this finding of fact, the trial court concluded that defendant had failed to comply with the provisions of App. R. 3 and App. R. 26 because service of notice of appeal on plaintiff's counsel was not made "at or before the time of filing" of the Notice of Appeal within the meaning of those words as they appear in App. R. 26(b). We hold that this conclusion was erroneous. Service upon plaintiff's counsel on 21 August was complete upon deposit in the mail. Although App. R. 26(b) requires that copies of papers be served upon the opposing party *at or before* the time of filing, the phrase "at or before" must be given a logical construction. If the word "at" is strictly construed to mean "simultaneously with," it is mere surplusage in the context of App. R. 26, since service of papers simultaneously with filing of notice with the clerk of the court would, under all normal circumstances, be physically impossible. A more reasonable construction of the word "at," as that word appears in the phrase "at or before the time of filing" in App. R. 26(b), and one which permits the word to attain some significance rather than to be merely surplusage, would be to construe it to mean "on the same day as." The same result obtains if attention is focused on the word "time" in the phrase "time of filing" as that phrase appears in App. R. 26(b). Throughout the N.C. Rules of Appellate Procedure wherever time periods are specified for the doing of some act, the time is stated in terms of days, never in fractions of days. We see no compelling reason, either in the language or purpose of App. R. 26(b), why that Rule should be interpreted to require, contrary to all other Rules, that

a fraction of a day be considered. A more reasonable construction of the Rule, and one which makes it consistent with the other Rules of Appellate Procedure, is to interpret Rule 26(b) as requiring that the papers referred to therein be served on all other parties to the appeal on the day of or before the day of filing. We adopt that construction. So construing the rule, we hold that service of the notice of appeal in the present case, which was accomplished on the same day the notice was filed in the clerk's office, was timely.

The order appealed from is

Reversed.

Chief Judge MORRIS and Judge MARTIN (Robert M.) concur.