MARTHA A. SHAW, D/B/A SHAWS FURNITURE STORE v. VERNELL HUDSON

No. 8021DC305

(Filed 4 November 1980)

Appeal and Error § 14— service of notice of appeal

Notice of appeal must be served on the opposing party either before the notice is filed or on the same day the notice is filed. Rules of Appellate Procedure 3(a)(2), 3(e), 26(b) and 26(d).

APPEAL by plaintiff from *Tash, Judge*. Order entered 14 December 1979 in District Court, FORSYTH County. Heard in the Court of Appeals 18 September 1980.

In an action for the recovery of possession of defendant's washer and dryer based on defendant's alleged breach of a security agreement between the parties, the district court in an amended judgment filed on 19 October 1979 disallowed plain-

tiff's claim and allowed defendant's counterclaims. Plaintiff's motion to set aside the amended judgment under Rule 60(b), filed on 24 October 1979 was denied on 26 October 1979. Plaintiff then filed written notice of appeal also on 26 October. Plaintiff did not serve notice of the appeal upon defendant until 5 November 1979. On 27 November 1979 defendant moved to dismiss the appeal for failure to comply with Rules 3 and 26 of the N.C. Rules of Appellate Procedure. From the order of the district court granting defendant's motion, plaintiff appeals.

*Kennedy, Kennedy, Kennedy and Kennedy, by Harold L. Kennedy III, for plaintiff appellant.*

*Legal Aid Society of Northwest North Carolina, Inc., by Margot Roten and Benjamin Erlitz, for defendant appellee.*

WELLS, Judge.

The clear issue before us in this case is whether the Rules of Appellate Procedure require service of notice of appeal either before filing or on the same day notice is filed. Plaintiff contends that so long as the notice of appeal is served within ten days of filing, it is timely served. We reject this argument.

Rules 3 and 26 of the Rules of Appellate Procedure control. Rule 3(a), applicable in this case, is as follows:

(a) From Judgments and Orders Rendered in Session. Any party entitled by law to appeal from a judgment or order of a superior or district court rendered in a civil action or special proceeding during a session of court may take appeal by

. . . .

(2) filing notice of appeal with the clerk of superior court and serving copies thereof upon all other parties within the time prescribed by subdivision (c) of this rule.

Rule 3(e) provides:

(e) Service of Notice of Appeal. Service of copies of the notice of appeal may be made as provided in Rule 26 of these rules.

Rule 26(b), applicable in this case, provides:

(b) Service of All Papers Required. Copies of all papers filed by any party and not required by these rules to be served by the clerk shall, at or before the time of filing, be served on all other parties to the appeal.

Rule 26(d) provides:

(d) Proof of Service. Papers presented for filing shall contain an acknowledgment of service by the person served or proof of service in the form of a statement of the date and manner of service and of the names of the persons served, certified by the person who made service. *Proof of service shall appear on or be affixed to the papers filed.* [Emphasis ours.]

We hold that the clear import of these Rules requires proof of service to show on the notice of appeal when filed. Such provisions carry the clear implication that the drafters of the Rules meant for the notice to be served no later than the filing day. *See Smith v. Smith,* 43 N.C. App. 338, 258 S.E. 2d 833 (1979), *disc. rev. denied,* 299 N.C. 122, 262 S.E. 2d 6 (1980).

Our decision makes it unnecessary to reach plaintiff's second argument as to whether the time of *filing* of notice was extended by his motion to set aside the amended judgment.

We hold that plaintiff's service of notice of appeal was not timely made and that the district court properly dismissed the appeal.

The order of the trial court is

Affirmed.

Judges ARNOLD and ERWIN concur.