EDWARD L. HALE v. AFRO-AMERICAN ARTS INTERNATIONAL, INC. AND RICK SLADE

No. 9218SC475

(Filed 15 June 1993)

**Appeal and Error § 210 (NCI4th) — notice of appeal — no indication of service of notice — appeal dismissed**

An appeal was dismissed where the record contained a notice of appeal but nothing in the notice showed that plaintiff was given notice through service as required by App. R. 26(b). The notice of appeal contains no acknowledgement of service, nor is there affixed to the notice any proof of service in the form of a statement of the date and manner of service and of the names of the persons served as required by Rule 26(d). The Court of Appeals obtains no jurisdiction over the appeal without proper service of notice of appeal on the other party as required by Rule 26(b) and proof pursuant to Rule 26(d) in the record before the Court that such notice was given.

**Am Jur 2d, Appeal and Error §§ 316 et seq.**

Judge WYNN dissenting.

Appeal by defendants from judgment signed 28 March 1991 and order signed 24 February 1992 in Guilford County Superior Court by Judge W. Douglas Albright. Heard in the Court of Appeals 15 April 1993.

*Lee D. Andrews for plaintiff-appellee.*

*James W. Swindell for defendant-appellants.*

GREENE, Judge.

Defendants Afro-American Arts International, Inc. (Afro-American) and Rick Slade (Slade) appeal from judgment signed 28 March 1991, in favor of plaintiff Edward L. Hale (Hale), and from order signed 24 February 1992, denying defendants' motions for amended findings of fact and for a new trial.

Slade and Hale formed Afro-American on 15 January 1988. Hale was named president and Slade chairman. Hale believed that he was to serve a two-year term of employment as president of Afro-American. Slade believed that there was no agreement as

**HALE v. AFRO-AMERICAN ARTS INTERNATIONAL**

[110 N.C. App. 621 (1993)]

to the length of Hale's employment. In August, 1988, Hale was hospitalized and was unable to work until October, 1988. Hale then attempted to return to work, but Slade refused to allow him to resume his duties, and terminated his employment on 7 October 1988.

Hale filed a complaint against defendants on 19 April 1989, alleging that he was terminated without just cause; that defendants wrongfully refused to sell Hale's artwork subsequent to his termination, resulting in lost profits to Hale; and that defendants refused to redeem Hale's stock in Afro-American despite a clause in the corporation's shareholder agreement requiring that the stock be redeemed upon Hale's leaving the company.

Defendants answered, denying Hale's allegations and counterclaiming that Hale had used Afro-American funds for personal gain and failed to reimburse Afro-American.

Hale served interrogatories on defendants, which were answered. Hale served a second set of interrogatories on defendants on 16 February 1990, and defendants partially answered on 21 March 1990. Because of defendants' failure to fully answer the second set of interrogatories, Hale filed a motion to compel. A hearing on the motion was held 23 May 1990, at which time the trial court ordered defendants to fully answer the interrogatories and to produce all documents requested by Hale. Defendants did not comply with this order. A second hearing was held on the matter on 6 August 1990, at which time the trial court again ordered defendants to provide documents and answer interrogatories. Again defendants did not comply. Due to defendants' willful failure to comply with the trial court's orders, the trial court filed an order that defendants' answer be stricken and a default entered on 1 February 1991. The trial court conducted a hearing to determine the amount of damages due Hale, at which time the trial court made findings of fact and conclusions of law. The trial court found as a fact that the stock which defendants should have redeemed was worthless, that Hale had incurred no lost profits, that Hale had a two-year term of employment with Afro-American, and that Hale had been wrongfully terminated. Based on the foregoing findings of fact, the trial court awarded Hale $26,672.00 for wrongful discharge. Defendants made a motion to amend findings of fact and a motion for a new trial, both of which were denied in an order signed 24 February 1992. Defendants filed notice of appeal 9 March 1992.

**HALE v. AFRO-AMERICAN ARTS INTERNATIONAL**

[110 N.C. App. 621 (1993)]

The dispositive issue is whether this court has jurisdiction to entertain this appeal absent proof of service of defendants' notice of appeal on plaintiff.

Our Rules of Appellate Procedure require that notice of appeal must, "at or before the time of filing, be served on all other parties to the appeal." N.C. R. App. P. 26(b) (1993); *Smith v. Smith*, 43 N.C. App. 338, 339, 258 S.E.2d 833, 835 (1979), *disc. rev. denied*, 299 N.C. 122, 262 S.E.2d 6 (1980). Rule 26(d) further requires that

> [p]apers presented for filing [in this Court] shall contain an acknowledgement of service by the person served or proof of service in the form of a statement of the date and manner of service and of the names of the persons served, certified by the person who made service. Proof of service shall appear on or be affixed to the papers filed.

N.C. R. App. P. 26(d) (1993). Without proper service of notice of appeal on the other party as required by Rule 26(b), and proof pursuant to Rule 26(d) in the record before this Court that such notice was given, this Court obtains no jurisdiction over the appeal. *See Mason v. Moore County Bd. of Comm'rs*, 229 N.C. 626, 628, 51 S.E.2d 6, 7 (1948). This Court is bound by the record on appeal, and "[i]f [the record] fails to disclose the necessary jurisdictional facts we have no authority to do more than dismiss the appeal." *Id.* at 629, 51 S.E.2d at 8 (citation omitted); *Giannitrapani v. Duke Univ.*, 30 N.C. App. 667, 670, 228 S.E.2d 46, 48 (1976) ("timely filing and service of notice of appeal are jurisdictional matters requiring dismissal for noncompliance"); *Smith*, 43 N.C. App. at 339, 258 S.E.2d at 835 ("timely filing and service of notice of appeal is jurisdictional, and unless the requirements of . . . Rules of Appellate Procedure are met, the appeal must be dismissed"); *Shaw v. Hudson*, 49 N.C. App. 457, 459, 271 S.E.2d 560, 561 (1980).

The record on appeal contains a notice of appeal, which was filed 9 March 1992. Nothing in the notice, however, shows that plaintiff was given notice of the appeal through service as required by Rule 26(b). The notice of appeal contains no acknowledgement of service from Hale, nor is there affixed to the notice of appeal any proof of service in the form of a statement of the date and manner of service and of the names of the persons served as required by Rule 26(d).

Accordingly, because proof of service which would vest this Court with jurisdiction does not appear in the record, the appeal is

Dismissed.

Judge WELLS concurs.

Judge WYNN dissents with separate opinion.

Judge WYNN dissenting.

The life of this appeal began with a Notice of Appeal from the judgment below. In apt time, the appellant served the Record on Appeal on the appellee, who made no objection thereto, and the Record was accordingly filed in this Court on 14 May 1992. Thereafter, the attorneys for each party undertook the necessary research and analysis to address the issues on appeal and, again in apt time, filed the completed briefs for the appellant and the appellee on 26 June 1992 and 15 July 1992, respectively.

Following a hearing of this appeal without argument in this Court on 15 April 1993, the majority now snuffs out the life of this appeal based on the failure of the appellant to include in the Record proof that the Notice of Appeal was served on the appellee. This they do even though the appellee neither contends that the Notice was not served on him nor makes an issue of the fact that the proof of service certificate is not in the Record on Appeal.

In *Mason v. Moore County Bd. of Comm'rs*, 229 N.C. 626, 51 S.E.2d 6 (1948), the appellants failed to include the Notice of Appeal in the Record. The Supreme Court stated, "[t]he record filed in this Court must show *at least* that an appeal was taken from the judgment. Otherwise this Court acquires no jurisdiction of the action." *Id.* at 628, 51 S.E.2d at 7 (citations omitted) (emphasis added). Thus, the Court did not address the issue of whether jurisdiction is acquired where the Record contains a Notice of Appeal but fails to also contain a certificate of service and moreover, the appellee has not raised an issue regarding the missing certificate. As such, contrary to the majority, it is my opinion that *Mason* does not hold that without proof of service of the Notice of Appeal in the Record on Appeal, this Court obtains no jurisdiction.

The majority cites three cases from this Court in support of their holding. However, none of those cases address facts similar

to the case at hand. In *Giannitrapani v. Duke Univ.*, 30 N.C. App. 667, 669, 228 S.E.2d 46, 48 (1976), *Smith v. Smith*, 43 N.C. App. 338, 339, 258 S.E.2d 833, 835 (1979), and *Shaw v. Hudson*, 49 N.C. App. 457, 459, 271 S.E.2d 560, 561 (1980), this Court reviewed the dismissal of an appeal by the trial court where the appellant failed to timely serve the Notice of Appeal on the appellee. These cases appear to indicate that the proper course of action to contest lack of service is for the appellee to raise the issue of lack of service at the *trial court level*. This factor significantly distinguishes those cases from the present appeal, where no such issue was raised by motion of the appellee in the trial court (nor in this Court).

It is clear that the failure to include the Notice of Appeal in the Record renders this Court jurisdictionally infirm. *Mason*, 229 N.C. at 628, 51 S.E.2d at 7. The cases cited by the majority clearly state that both the requirement of timely filing the Notice of Appeal and that of serving the Notice are jurisdictional. *Giannitrapani*, 30 N.C. App. at 670, 228 S.E.2d at 48; *Smith*, 43 N.C. App. at 339, 258 S.E.2d at 835. However, in my opinion, the service of the Notice of Appeal is a matter that may be waived by the conduct of the parties. As such, I quarrel only with the majority's apparent presumption that the jurisdiction indicated is subject matter jurisdiction, which cannot be waived. Instead, I find the filing and service of the Notice of Appeal to be analogous to the Complaint and service thereof. The Complaint itself indicates whether the trial court has jurisdiction of the subject matter contained therein, and proper service on the defendant confers personal jurisdiction. The service of the Complaint, however, can be waived by the defendant by his voluntary appearance before the trial court. Likewise, it appears to me that, while the timely filing of the Notice is necessary to grant this Court subject matter jurisdiction over the appeal, the service of the Notice may be waived by the appellee without depriving this Court of subject matter jurisdiction. In examining the service of a Complaint on the opposing party, the Supreme Court has determined that

> "[d]ue process of law" requires that a defendant shall be properly notified of the proceeding against him, and have an opportunity to be present and to be heard. "When the defendant has been duly served with summons personally within the State, or has accepted service *or has voluntarily appeared in court*, jurisdiction over the person exists and the court may proceed to render a personal judgment against the defend-

ant. If there has been no service of summons *and no waiver by appearance,* the court has no jurisdiction and any judgment rendered would be void."

*B-W Acceptance Corp. v. Spencer,* 268 N.C. 1, 10, 149 S.E.2d 570, 577 (1966) (quoting 1 McIntosh, N.C. Civil Practice and Procedure, 2d Ed., § 933(1) ). Therefore, by analogy in the case at hand, where the appellee failed, by motion or otherwise, to raise the issue as to service of notice in either the trial court or in this Court and has proceeded to file a brief arguing the merits of the case, I vote to hold that he has waived service of notice and, thus, the failure to include the proof of service in the Record is inconsequential. Having so concluded, I find that this Court should consider the merits of this case as argued by the parties.