HENLAJON, INC., a North Carolina Corporation, Plaintiff v. BRANCH
HIGHWAYS, INC., a Virginia Corporation, Defendant

No. COA01-445

(Filed 19 March 2002)

**1. Appeal and Error— notice of appeal—time for service**

The Court of Appeals had jurisdiction to hear plaintiff's
appeal from entry of summary judgment for defendant where
plaintiff filed and served his notice of appeal within the thirty-day
period prescribed in Rule of Appellate Procedure 3(c) even
though service of the notice of appeal did not occur "at or before
the time of filing" as required by Rule of Appellate Procedure
26(b). While failure to comply with the Rule 26(b) service require-
ment is obligatory and may subject the appeal to dismissal, it is
not jurisdictional and dismissal was not required where defend-
ant failed to argue or show any prejudice from being served on
the Monday after the notice of appeal was filed the previous
Friday afternoon.

**2. Statutes of Limitations and Repose— breach of contract—
letter denying contract**

Plaintiff's claim for breach of a contract was barred by the
statute of limitations where a letter from defendant expressly
denied the existence of a contract and sufficiently informed
plaintiff of defendant's intent not to perform, and plaintiff filed
suit more than 3 years later. N.C.G.S. 1-52(1).

Judge GREENE dissenting.

Appeal by plaintiff from order and judgment entered 7 December
2000 by Judge Robert H. Hobgood in Chatham County Superior Court.
Heard in the Court of Appeals 22 January 2002.

*Bradshaw, Vernon, & Robinson, L.L.P., by Patrick E. Bradshaw,
for plaintiff-appellant.*

*Sharpless & Stavola, P.A., by Frederick K. Sharpless and Joseph
P. Booth, III, for defendant-appellee.*

TYSON, Judge.

Henlajon, Inc., a North Carolina Corporation ("plaintiff") appeals
from the trial court's entry of summary judgment in favor of Branch

Highways, Inc., a Virginia Corporation ("defendant") on plaintiff's breach of contract claim. We affirm the trial court's order and judgment.

## I. Facts

The State of North Carolina contracted with defendant to improve portions of U.S. Highway 64 in Chatham County ("road project"). Plaintiff owned real property in Chatham County, North Carolina and was contacted by defendant in September 1996 concerning the placement of excess dirt from the road project as fill material onto plaintiff's land. No dirt was ever placed on plaintiff's property.

On 18 December 1996 and on 20 December 1996, plaintiff sent defendant two letters contending that a contract existed. Defendant responded by letter on 23 December 1996 stating: "Accordingly, we state in no uncertain terms that there is no contract (verbal, written, or otherwise) between Branch Highways and Henlajon, Inc. regarding the placement of excess construction soils onto your lands from any existing or pending NCDOT construction project." John Blair ("Blair"), plaintiff's representative, acknowledged receipt of the letter, and testified in his deposition that the letter denied the existence of a contract. Plaintiff's attorney sent defendant a letter on 12 March 1997 stating that plaintiff believed that a contract existed, and that plaintiff expected defendant to perform. Defendant did not respond further.

Plaintiff filed suit against defendant 10 March 2000 alleging breach of contract. Defendant filed motions to dismiss pursuant to Rule 12(b)(6) and for summary judgment. The trial court granted defendant's motion for summary judgment on 7 December 2000. The judgment was served on plaintiff on 12 December 2000. Plaintiff filed his notice of appeal at 3:43 p.m. on Friday, 5 January 2001, and served it on defendant Monday, 8 January 2001 by mail.

## II. Motion to Dismiss

[1] Defendant has moved to dismiss plaintiff's appeal. Defendant argues that plaintiff did not file and serve its notice of appeal in accordance with Rules 3 and 26 of the North Carolina Rules of Appellate Procedure, and that we lack jurisdiction to hear the appeal and must dismiss. We disagree.

**HENLAJON, INC. v. BRANCH HIGHWAYS, INC.**

[149 N.C. App. 329 (2002)]

Rule 3(a) provides:

Any party entitled by law to appeal from a judgment or order of a superior or district court rendered in a civil action or special proceeding may take appeal <u>by filing</u> notice of appeal with the clerk of superior court <u>and serving</u> copies thereof upon all other parties <u>within the time prescribed by subdivision (c)</u> of this rule.

N.C.R. App. P. (3)(a) (2001) (emphasis added). Subdivision (c) states that "[a]ppeal from a judgment or order in a civil action or special proceeding must be taken within 30 days after its entry." N.C.R. App. P. 3(c).

"In order to confer jurisdiction on the state's appellate courts, appellants of lower court orders must comply with the requirements of Rule 3 of the North Carolina Rules of Appellate Procedure." *Bailey v. State*, 353 N.C. 142, 156, 540 S.E.2d 313, 322 (2000) (citations omitted). "Appellate Rule 3 is jurisdictional and if the requirements of this rule are not complied with, the appeal must be dismissed. *Currin-Dillehay Bldg. Supply, Inc. v. Frazier*, 100 N.C. App. 188, 189, 394 S.E.2d 683 (1990) (citing *Giannitrapani v. Duke Univ.*, 30 N.C. App. 667, 228 S.E.2d 46 (1976)); *Bailey*, 353 N.C. at 156, 540 S.E.2d at 322 (failure to comply "mandates" dismissal of the appeal). This Court "cannot waive the jurisdictional requirements of Rule 3 if they have not been met." *Guilford County Dep't of Emergency Servs. v. Seaboard Chem. Corp.*, 114 N.C. App. 1, 9, 441 S.E.2d 177, 181 (citing *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317, 101 L. Ed.2d 285, 291 (1988); *Von Ramm v. Von Ramm*, 99 N.C. App. 153, 156, 392 S.E.2d 422, 424 (1990)). "Under Rule 3(a) of the Rules of Appellate Procedure, a party . . . may take appeal by filing notice of appeal with the clerk of superior court and serving copies thereof upon all other parties in a timely manner. This rule is jurisdictional." *Crowell Constructors, Inc. v. State ex rel. Cobey*, 328 N.C. 563, 402 S.E.2d 407, 408 (1991) (citing *Booth v. Utica Mutual Ins. Co.*, 308 N.C. 187, 301 S.E.2d 98 (1983)).

Defendant contends that plaintiff's failure to serve the notice of appeal "at or before the time of filing" mandates dismissal because Rule 3(e) makes reference to the service requirements of Rule 26(b).

Rule 3(e), entitled "Service of notice of appeal," provides that "[s]ervice of copies of the notice of appeal <u>may</u> be made as provided in Rule 26 of these rules." (emphasis supplied). Rule 26 (b), states

that "[c]opies of all papers filed by any party . . . shall, at or before the time of filing, be served on all other parties to the appeal." N.C.R. App. P. 26(b) (2001). Defendant's interpretation would constructively rewrite and shorten the time requirements for service of the notice of appeal. Under defendant's construction, a party would have thirty days from entry of judgment, or within thirty days of the judgment's service where service was not perfected within three days of entry of judgment as required by N.C. Gen. Stat. § 1A-1, Rule 58, to serve the notice of appeal, <u>unless</u> the notice is <u>filed</u> before the thirty day period expires in which case the notice of appeal must be <u>served</u> on or before that date. The rules do not compel this result.

Rule 26(b) is a general provision that is broad in scope and covers all documents filed. Rule 3 is a specific provision that applies only to the time to file and serve a notice of appeal in superior court. If "one statute deals with a particular subject or situation in specific detail, while another statute deals with the subject in broad, general terms, the particular, specific statute will be construed as controlling, absent a clear legislative intent to the contrary." *Nucor Corp. v. Gen. Bearing Corp.*, 333 N.C. 148, 154-55, 423 S.E.2d 747, 751 (1992). Rule 3 explicitly provides a party thirty days from the entry of judgment to file and serve a notice of appeal. Our appellate courts have consistently held that the thirty days is a jurisdictional requirement that can neither be waived nor extended by this Court. We have no authority to extend nor reduce the jurisdictional time frames established by Rule 3. Had the Supreme Court intended Rule 26(b) to shorten the time for service of the notice of appeal as expressly set out in Rule 3, it could have provided for it in the rules. *See e.g.* Rule 21 "Certiorari . . . . The petition shall be filed without unreasonable delay *and shall be accompanied by proof of service* upon all other parties." N.C.R. App. P. 21 (2001); Rule 22 "Mandamus and prohibition . . . . The petition shall be filed without unreasonable delay . . . *and shall be accompanied by proof of service . . . .*" N.C.R. App. P. 22 (2001); Rule 23 "Supersedeas . . . . The petition shall be filed with the clerk of the court . . . *and shall be accompanied by proof of service* upon all other parties. N.C.R. App. P. 23 (2001) (emphasis supplied).

In *Hale v. Afro-Am. Arts Int'l, Inc.*, 335 N.C. 231, 436 S.E.2d 588 (1993), our Supreme Court addressed the issue of whether compliance with the service requirements of Rule 26(b) were required to confer jurisdiction on the Court of Appeals. The Supreme Court reversed *per curiam* the Court of Appeals' majority opinion, 110 N.C.

App. 621, 430 S.E.2d 457 (1993) (Greene, J.), for the reasons set forth in the dissent.

In *Hale*, the record on appeal contained a "notice of appeal" but "[n]othing in the notice . . . shows that plaintiff was given notice of the appeal through service as required by Rule 26(b)." *Id.* at 623, 430 S.E.2d at 458. "The [Court of Appeals] majority concluded that this was a jurisdictional defect which both the parties and the court were powerless to remedy," *Hale*, 335 N.C. at 232, 436 S.E.2d at 589, and held that our Court lacked jurisdiction to hear the appeal. *Hale*, 110 N.C. App. at 623, 430 S.E.2d at 459.

The dissent and our Supreme Court disagreed. The Supreme Court approved Judge Wynn's reasoning and concluded that "a party upon whom service of notice of appeal is required may waive the failure of service by not raising the issue by motion or otherwise and by participating without objection in the appeal . . . ." *Hale*, 335 N.C. at 232, 436 S.E.2d at 589. "Judge Wynn [and the Supreme Court] concluded that . . . the Court of Appeals had jurisdiction of the appeal and should consider the case on its merits." *Id.* If a party may waive the requirements of Rule 26(b), Rule 26(b) cannot be jurisdictional. Failure to serve the notice of appeal on or before the date of filing pursuant to Rule 26(b) does not automatically mandate dismissal.

Defendant contends that *Smith v. Smith*, 43 N.C. App. 338, 258 S.E.2d 833 (1979) and *Shaw v. Hudson*, 49 N.C. App. 457, 271 S.E.2d 560 (1980) necessitate dismissal of the appeal because plaintiff failed to comply with the requirements of Rule 26(b).

We do not read either *Smith* or *Shaw* to hold that Rule 26(b) is jurisdictional. Both cases were decided under former Rule 3 and prior to our Supreme Court's decision in *Hale*. Although some language in both cases implies that the service requirements of Rule 26(b) are jurisdictional, a proper analysis of the holdings in those cases does not support that proposition, and any language to that effect is *obiter dictum*. "Language in an opinion not necessary to the decision is *obiter dictum* and later decisions are not bound thereby." *Trustees of Rowan Tech. College v. Hammond Assocs.*, 313 N.C. 230, 242, 328 S.E.2d 274, 281 (1985) (citations omitted).

In *Smith*, we held that serving a notice of appeal on the same day, but after the filing of the notice, is equivalent to serving "at or before the time of filing" as required by Rule 26(b). Any discussion in that

case suggesting that Rule 26(b) or (c) is jurisdictional was unnecessary to decide that case. The notice of appeal was filed with the clerk of superior court and served upon all parties within ten days, as required by former Rule 3, from the trial court's entry of judgment.

In *Shaw*, we held that "plaintiff's service of notice of appeal was not timely made . . . ." *Shaw*, 49 N.C. App. at 459, 271 S.E.2d at 561. The defendant did not serve his notice of appeal within ten days from the date the trial court entered judgment as required by former Rule 3. A review of the applicable dates in *Shaw* reveals that judgment was entered on 19 October. The plaintiff filed notice of appeal on 26 October. The plaintiff did not serve the notice of appeal until 5 November, seventeen days after filing the notice of appeal. Plaintiff did not comply with the jurisdictional requirements of former Rule 3 that the notice of appeal be filed and served within ten days from entry of judgment. Our court lacked jurisdiction pursuant to former Rule 3. Any suggestion that Rule 26(b) and 26(d) were jurisdictional requirements was unnecessary to decide that case and is *obiter dicta.*

We hold that Rule 3 sets the time at thirty days from entry of judgment, or within thirty days of the judgment's service where service was not perfected within three days from entry of judgment as required by N.C. Gen. Stat. § 1A-1, Rule 58, for filing and serving a notice of appeal; and failure to serve the notice of appeal "at or before the time of filing" is not a jurisdictional requirement that automatically requires dismissal. Rule 26 is obligatory and failure to comply with its requirements, like all other obligatory provisions of the Rules · of Appellate Procedure, may subject an appeal to dismissal. We do not encourage "sand bagged" service, particularly where, as here, the certificate of service in the record shows service the same date as filing. The better practice is to serve on or before the filing date.

Here, plaintiff filed and served his notice of appeal within thirty days from entry of judgment as required by Rule 3. Defendant has failed to argue or show any prejudice from being served on the Monday after filing the previous Friday afternoon. Our Court has jurisdiction to hear the appeal. Defendant's motion to dismiss plaintiff's appeal is denied.

### III.  Summary Judgment

**[2]** Plaintiff assigns as error the trial court's granting of defendant's motion for summary judgment arguing that genuine issues of mate-

**HENLAJON, INC. v. BRANCH HIGHWAYS, INC.**

[149 N.C. App. 329 (2002)]

rial fact exist regarding: (1) when the statute of limitations began to run, (2) whether a contract was formed, and (3) the time of defendant's performance of the contract. We disagree.

## A.  Standard of Review

We review a grant of summary judgment using "a two-part analysis: '(1) the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact; and (2) the moving party is entitled to judgment as a matter of law.' " *Bradley v. Hidden Valley Transp. Inc.*, 148 N.C. App. 163, 165 557 S.E.2d 610, 612 (2001) (citations omitted). The burden of proof is on the movant to show that summary judgment is appropriate. *Id.* The record is reviewed in the light most favorable to the non-movant. *Id.*

## B.  Statute of Limitations

Plaintiff contends that a jury could have concluded that defendant did not breach the alleged contract when it sent the 23 December 1996 letter arguing that defendant was continuing to work on the construction project and had time to perform until some time after 12 March 1997.

The statute of limitations for a breach of contract action is three years. The claim accrues at the time of notice of the breach. N.C. Gen. Stat. § 1-52(1) (2000); *Abram v. Charter Med. Corp.*, 100 N.C. App. 718, 398 S.E.2d 331 (1990). Once the statute of limitations is properly pled and the facts are not in conflict, summary judgment is appropriate. *Soderlund v. Kuch*, 143 N.C. App. 361, 546 S.E.2d 632 (2001). The burden of proof shifts to the plaintiff to show that the action was filed within the statute of limitations. *Id.*

Presuming that a contract existed between plaintiff and defendant, plaintiff has failed to produce any evidence that defendant's 23 December 1996 letter was not a breach. Mr. Blair testified in his deposition that upon receipt of defendant's letter, he understood that defendant denied the existence of a contract. We hold, presuming a contract existed, that defendant's letter expressly denied the existence of a contract and sufficiently informed plaintiff of defendant's intent not to perform. "The statute begins to run on the date the promise is broken." *Glover v. First Union Nat'l Bank*, 109 N.C. App. 451, 455, 428 S.E.2d 206, 208 (1993). Plaintiff did not file suit until 10 March 2000, more than three years after receipt of defendant's letter. Plaintiff's claim is barred by the statute of limitations.

HENLAJON, INC. v. BRANCH HIGHWAYS, INC.

[149 N.C. App. 329 (2002)]

Alternatively, plaintiff argues that defendant's letter dated 23 December 1996 was an anticipatory repudiation of the alleged contract rather than a breach. After carefully reviewing the entire record, we find no merit to this argument. Plaintiff has not produced any evidence that defendant's letter was anything other than either notice that no contract existed or a breach of an alleged contract. This assignment of error is overruled. The trial court properly entered summary judgment against plaintiff. We affirm the judgment of the trial court.

Affirmed.

Judge HUNTER concurs.

Judge GREENE dissents.

GREENE, Judge, dissenting.

Because I believe Rule 26 of the North Carolina Rules of Appellate Procedure mandates the proper procedure for service of a Rule 3 notice of appeal, I dissent.

Rule 3 mandates the *filing* of a notice of appeal, as a general proposition, to be within 30 days after entry of judgment. N.C.R. App. P. 3(c)(1). *Service* of the notice of appeal must be made on all other parties to the appeal pursuant to Rule 26.[1] N.C.R. App. P. 3(e); *Shaw*, 49 N.C. App. at 459, 271 S.E.2d at 561 (rejecting argument that notice of appeal is timely served if done so after filing the notice of appeal); *Smith v. Smith*, 43 N.C. App. 338, 339, 258 S.E.2d 833, 835 (1979) (Rule 26 "prescribes the proper procedure for service of the notice of appeal"), *disc. review denied*, 299 N.C. 122, 262 S.E.2d 6 (1980). Rule

---

1. If Rule 26 is not used to establish the time for service of the notice of appeal, we are left with the language of Rule 3(c) permitting service, as a general rule, within 30 days of the entry of the judgment appealed from without regard to the time of the filing of the notice of appeal. Thus, an appellant could file his notice of appeal the same day the judgment is entered and delay serving that notice until 30 days later. This procedure does not represent sound public policy and is inconsistent with other provisions in the North Carolina Rules of Appellate Procedure requiring service contemporaneous with the filing of petitions for a writ of certiorari, N.C.R. App. P. 21(c), a writ of mandamus, N.C.R. App. P. 22(b), and a writ of supersedeas, N.C.R. App. P. 23(c). All parties affected by a notice of appeal should know of the appeal as soon as it is filed. Thus, our courts have properly construed the word "may" in Rule 3(e) as mandatory, not directory. *See Shaw v. Hudson*, 49 N.C. App. 457, 459, 271 S.E.2d 560, 561 (1980); *see also N.C. State Art Soc'y, Inc. v. Bridges*, 235 N.C. 125, 130, 69 S.E.2d 1, 5 (1952) ("may" can be either mandatory or directory depending on legislative intent).

**HENLAJON, INC. v. BRANCH HIGHWAYS, INC.**

[149 N.C. App. 329 (2002)]

26(b) has been construed to require the notice of appeal to be served "on the same day as" it is filed. *Smith*, 43 N.C. App. at 340, 258 S.E.2d at 835. These filing and service requirements are jurisdictional and failure to follow them requires dismissal of the appeal. *Crowell Constructors, Inc. v. State*, 328 N.C. 563, 563, 402 S.E.2d 407, 408 (1991) (per curiam).

I do not believe that *Hale v. Afro-American Arts Int'l, Inc.*, 335 N.C. 231, 232, 436 S.E.2d 588, 589 (1993) *(per curiam)* overrules this long-established relationship between Rule 3 and Rule 26. The single issue in *Hale* was whether the appeal must be dismissed when the record on appeal did not show the notice of appeal had been served on the other parties to the appeal. The *Hale* Court held this defect in the record on appeal should have been raised prior to settling the record on appeal and the failure to timely raise the issue constituted a waiver. I do not read *Hale* to hold that service of the notice of appeal may be waived by the party entitled to the service. Indeed, I do not read the majority opinion in this case to hold that service of the notice of appeal can be waived.[2]

In this case, the record on appeal shows the filing of the notice of appeal occurred within the thirty-day period prescribed in Rule 3(c) and that service of the notice of appeal did not occur at or before the time of the filing, as required by Rule 26(b). Defendant moved to dismiss the appeal on this basis in the trial court and also in this Court. Accordingly, as the service defect appears on the face of the record, I would dismiss plaintiff's appeal for failure to comply with Rules 3 and 26.

---

2. I, however, do read the majority opinion in this case to hold that Rule 3(c) does establish a jurisdictional service requirement and that failure to comply with this rule mandates the dismissal of the appeal. I further read the majority opinion as holding that the Rule 26(b) service requirement is mandatory and that failure to comply with this rule *subjects* the appeal to dismissal, but dismissal is not required. These competing service requirements will necessarily create great confusion to appellants in this state.