COURT OF APPEALS OF VIRGINIA

Present:  Judges Petty, Beales and AtLee
Argued at Richmond, Virginia


WILLIAM G. CLOWDIS, JR., M.D.

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1381-17-2                      JUDGE WILLIAM G. PETTY
                                                    FEBRUARY 13, 2018

VIRGINIA BOARD OF MEDICINE


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                          W. Reilly Marchant, Judge

            William G. Clowdis, Jr., *pro se*

            Erin L. Barrett, Assistant Attorney General (Mark R. Herring,
            Attorney General; Cynthia V. Bailey, Deputy Attorney General;
            Allyson K. Tysinger, Senior Assistant Attorney General, on brief),
            for appellee.


        On appeal, Dr. William Clowdis, Jr. challenges the circuit court's order affirming a 2013

order by the Virginia Board of Medicine.  The 2013 order removed the stay of suspension of

Clowdis's medical license because Clowdis had failed to abide by conditions, including

monitoring, required by a 2011 order by the Board.  Clowdis concedes that he withdrew from

monitoring and was not in compliance with the 2011 order.  Clowdis nevertheless argues the

circuit court erred for the following reasons in affirming the Board's 2013 decision.

            I. The circuit court erred by failing to declare the Board's Orders
               void, as each relied on the initial (non-appealable) suspension,
               for which there never existed statutory authority or subject
               matter jurisdiction.
            II. The Circuit court erred by failing to declare that the Board
                automatically defaulted by operation of Va. Code
                §2.2-4021(B) in 2012 by not responding to Clowdis'[s]
                request for a case decision.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

III. The Circuit court erred by restricting the review of Clowdis'[s] appeal solely as to whether he complied with the 2011 Board Order for HPMP monitoring (thereby upholding the Board's ruling *in limine* to that effect at the 2013 hearing), which resulted in the court's failure to review [fourteen enumerated actions by the Board].

For the reasons below, we affirm the circuit court's decision.

BACKGROUND

Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal. We view the evidence in the light most favorable to the Board of Medicine, the prevailing party below, granting to it the benefit of any reasonable inferences. Congdon v. Congdon, 40 Va. App. 255, 258, 258 S.E.2d 833, 835 (2003).

On April 26, 2007, the Director of the Department of Health Professions issued an order pursuant to Code § 54.1-2409 suspending Clowdis's license to practice medicine and surgery in the Commonwealth. The suspension was based upon the Department's receipt of evidence that Clowdis had been convicted of a felony in the state of Colorado. The "Judgment of Conviction" document from the Colorado court showed that Clowdis was convicted in 2005 after pleading guilty to felony menacing with a real or simulated weapon. Although Clowdis had a right to appeal the decision pursuant to the Virginia Administrative Process Act (VAPA), he chose not to do so. Instead, Clowdis petitioned the Virginia Board of Medicine in 2011 for reinstatement of his license. The Board entered an order on May 24, 2011 (the "2011 order") making specific findings of fact regarding Clowdis's 2005 conviction, his mental health, and his fitness to practice medicine. The 2011 order stayed the suspension of Clowdis's license provided that he fully comply with the conditions set by Virginia Health Practitioners' Monitoring Program. Once again, Clowdis did not appeal, pursuant to VAPA, the 2011 order; rather, he agreed to the

terms of the order and initialed each itemized condition separately.  Initially, Clowdis complied with the monitoring conditions and the suspension of his license was stayed.  In 2012, Clowdis made the decision to stop complying with the monitoring conditions and was expelled from the program.

After proper notice and hearing, the Board issued an order on March 4, 2013, concluding that Clowdis had violated the terms of the 2011 order.  It continued indefinite suspension of Clowdis's license to practice medicine, with provision for the suspension to be stayed if Clowdis complied with all terms of the monitoring program.  Clowdis timely appealed the Board's March 4, 2013 decision to the circuit court.  The circuit court affirmed the Board's decision; Clowdis appealed to this Court.

CLOWDIS'S FAILURE TO APPEAL THE 2007 AGENCY DECISION

"As an agency of the Commonwealth, the Board [of Medicine] enjoys the privileges of sovereign immunity."  Va. Bd. of Med. v. Va. Physical Therapy Ass'n., 13 Va. App. 458, 464, 413 S.E.2d 59, 63 (1991).  The Commonwealth may waive its sovereign immunity and "may limit the right to sue to certain specified causes, . . . and when it does so it can be sued only in the manner and upon the terms and conditions prescribed.  Compliance with the conditions and restrictions set forth in the statute is jurisdictional."  Id. at 465, 413 S.E.2d at 63 (alteration in original) (citation omitted).  Simply put, "the General Assembly has waived sovereign immunity only to allow a party to obtain judicial review of the Board's adoption of rules or the Board's case decisions, as such are defined in the VAPA, *in the manner provided in the VAPA*."  Afzall v. Commonwealth, 273 Va. 226, 231, 639 S.E.2d 279, 282 (2007) (quoting Va. Physical Therapy Ass'n, 13 Va. App. at 464, 413 S.E.2d at 63).  Under the VAPA, a party has thirty days after service of the final order in the case decision, to file a notice of appeal with the circuit court. Rule 2A:2.

Clowdis argues that the circuit court erred "by failing to declare the Board's Orders void, as each relied on the initial (non-appealable)[1] suspension, for which there never existed statutory authority or subject matter jurisdiction." Clowdis has conflated authority to render a decision with the rendering of a potentially erroneous decision.

"The distinction between an action of a [tribunal] that is void *ab initio* rather than merely reversible is that the former involves the underlying authority of a [tribunal] to act on a matter whereas the latter involves actions taken by a [tribunal] which are in error." Jones v. Commonwealth, 293 Va. 29, 67, 795 S.E.2d 705, 727 (2017) (quoting Singh v. Mooney, 261 Va. 48, 51-52, 541 S.E.2d 549, 551 (2001)). An agency acting as a tribunal has jurisdiction to err, as well as to correctly decide the issues presented in a case, and the remedy to correct an error by the agency is to appeal the agency's decision in accordance with the VAPA, not to collaterally attack the allegedly erroneous decision in a separate action. See Hicks v. Mellis, 275 Va. 213, 219-21, 657 S.E.2d 142, 145-46 (2008); De Avies v. De Avies, 42 Va. App. 342, 346, 592 S.E.2d 351, 353 (2004) (*en banc*) ("A voidable [reversible] order, however, cannot be set aside upon a 'collateral attack.'").

Here, the Department clearly had statutory authority to suspend Clowdis's license under Code § 54.1-2409(A) when it received evidence that Clowdis had been convicted of a felony in a Colorado court. Clowdis concedes that the Board had the authority to make a factual determination as to whether he was a convicted felon for purposes of the statute. He thus acknowledges that the Department had subject matter jurisdiction and its ruling is not void, even if it were erroneous as Clowdis claims. See De Avies, 42 Va. App. at 346, 592 S.E.2d at 353. An *erroneous* ruling by an agency must be appealed in a timely manner in accordance with the

---

[1] Clowdis provides no legal authority to support the argument that the suspension of his license pursuant to Code § 54.1-2409 was not appealable to the circuit court under VAPA.

VAPA. Clowdis simply did not do so.[2] Moreover, Clowdis entered an agreement in 2011 with the Board for reinstatement of his license predicated on certain conditions, including monitoring. Clowdis did not appeal that order either. The final, unappealed, 2007 and 2011 orders became the law of the case, and it was not error for the agency to rely on them in subsequent proceedings. The trial court, therefore, did not err in denying Clowdis's motion to declare the Board's March 4, 2013 order void on the basis that they relied on the 2007 order of suspension.

THE CIRCUIT COURT DID NOT ERR IN REFUSING
TO DECLARE THE BOARD HAD "DEFAULTED"

Clowdis argues that "the Board automatically defaulted by operation of Code § 2.2-4021(B) in 2012 by not responding to Clowdis'[s] request for a case decision."[3]

"Under VAPA, the circuit court reviews the agency's action in a manner 'equivalent to an appellate court's role in an appeal from a trial court.'" Boone v. Harrison, 52 Va. App. 53, 61, 660 S.E.2d 704, 708 (2008) (quoting Mattaponi Indian Tribe v. Dep't of Envtl. Quality ex rel. State Water Control Bd., 43 Va. App. 690, 707, 601 S.E.2d 667, 676 (2004)). "The VAPA,

---

[2] In 2007, the Department received documentation that Clowdis had pled guilty to a felony in Colorado. Pursuant to Code § 54.1-2409(A) the Department suspended Clowdis's license to practice medicine. Because this action by the Department was not timely appealed by Clowdis, we need not address Clowdis's contention that the "defer and dismiss" procedure used by the Colorado court did not constitute grounds for suspension. We note, however, that Clowdis incorrectly argues that "Code § 54.1-2409(A) provides for mandatory suspension without a hearing if, and only if, the Director of Health Professions has *documentation* of an *actual conviction* by a court of competent jurisdiction." (emphasis in original). The statute does not so state.

[3] Within this assignment of error, Clowdis argues the "Circuit court erred by deferring to the Board interpretation of the Board's obligations under the VAPA"; the "Board defaulted when it failed to render a timely case decision"; the circuit "court erred by holding that existing Board Orders are immune to [Code] § 2.2-4021(B)"; the monitoring program, "acting as the Board's agent, implemented the Board's 2011 Order in a manner that violated Clowdis'[s] Constitutional rights"; the circuit "court erred by analogizing the Board and [the monitoring program] to a [c]ourt (with criminal jurisdiction) and Probation Officer, and in doing so, finding [the monitoring program] had authority to infringe upon Clowdis'[s] Constitutional and statutory rights (including substantive and procedural due process)."

however, does not vest circuit courts with appellate authority over all agency decisions. Only those within the definition of a 'case decision' fall within the scope of the VAPA's judicial review provisions." Giannoukos v. Va. Bd. of Med. & Dep't of Health Professions, 44 Va. App. 694, 699, 607 S.E.2d 136, 138 (2005) (citing Code § 2.2-4026). "[A] case decision represents a determination 'under laws or regulations at the time' that the named party is or may be in violation of 'such laws or regulations' or out of compliance with some requirement for obtaining some right or benefit." Id. at 699-700, 607 S.E.2d at 138 (quoting Code § 2.2-4001). Code § 2.2-4021(B) provides that

> [i]n any informal fact-finding, formal proceeding, or summary case decision proceeding in which a hearing officer is not used or is not empowered to recommend a finding, the board . . . shall render that decision within 90 days from the date of the informal fact-finding, formal proceeding, or completion of a summary case decision proceeding . . . .

The code section further provides that if the agency does not render a decision within thirty days of a party's notice to the agency that a decision is due, the decision is deemed to be in favor of the party. Code § 2.2-4021(B).

Clowdis argues that his letter dated November 16, 2011 to the Department of Health Professionals triggered the ninety-day time limit for the Board to render a decision. The letter begins with the statement, "As we discussed by phone this afternoon, I would appreciate your advice about my best option for pursuing work outside of the Commonwealth of Virginia, putting consequences against my Virginia medical license at risk." The letter did not constitute "written notice to the agency that a decision is due" pursuant to Code § 2.2-4021(B). The letter did not reference "any informal fact-finding, formal proceeding, or summary case decision proceeding" that had already occurred but for which the agency had failed to issue a decision. Rather, the letter summarized the history of Clowdis's case and the difficulties Clowdis was having in complying with the Board-ordered monitoring. Neither the November 16, 2011 letter,

the communication with the agency regarding monitoring, nor Clowdis's threats of lawsuit qualify as written notice to the agency that a decision was due pursuant to Code § 2.2-4021(B). Consequently, that code section simply does not apply, and the circuit court did not err in declining to rule that the Board had defaulted in 2012 by operation of Code § 2.2-4021(B).

THE CIRCUIT COURT DID NOT ERR IN LIMITING THE SCOPE OF ITS REVIEW

As discussed above, Clowdis failed to timely appeal the Department's suspension of his license in 2007 and the Board's 2011 order staying the suspension upon his participation in the monitoring program.  The only administrative order that Clowdis timely appealed was the March 4, 2013 order concluding that Clowdis had violated the terms of the 2011 order.  Nevertheless, Clowdis argues that the circuit court "erred by restricting the review of Clowdis'[s] Appeal solely as to whether he complied with the 2011 Board Order for [Virginia Health Practitioners' Monitoring Program] monitoring (thereby upholding the Board's ruling *in limine* to that effect at the 2013 hearing), which resulted in the court's failure to review" other actions by the agency.[4]

As we noted above, only those within the definition of a "case decision" fall within the scope of the VAPA's judicial review provisions.  Giannoukos, 44 Va. App. at 699, 607 S.E.2d at 138.  Furthermore, the circuit court had jurisdiction to review only those case decisions properly appealed in the manner provided by the VAPA.  Afzall, 273 Va. at 232, 639 S.E.2d at 282.  As we noted above, the 2007 order was not appealed and became the law of the case.

The Board issued the 2011 order allowing a stay of suspension of Clowdis's license if he agreed to conditions, including monitoring.  Clowdis did not appeal that order, and instead signed a participation agreement, which included a provision that stated, "I understand and agree that my failure to comply with this agreement as determined by [the monitoring program] in its

_____

[4] Clowdis lists fourteen actions by the Board that he argues were inappropriate actions by the Board but which he concedes are not reviewable if the issues on appeal are limited to the March 4, 2013 order.

- 7 -

sole discretion, may result in my being reported to the Monitoring Program Committee and to my respective licensing Board which could result in disciplinary action." He also signed a monitoring agreement that clearly stated that the monitoring was expected to last five years and included numerous monitoring requirements. Clowdis initialed each provision of the agreement.

Clowdis concedes that he failed to comply with the monitoring agreement. Clowdis offered reasons to the Board for his withdrawal from the monitoring program, but the Board was not required to excuse his failure to abide by the agreement. The Board was entitled to restrict its findings of fact to whether Clowdis had violated the monitoring agreement he had signed. The Board was not required to revisit the validity of the 2007 and 2011 orders during the hearing regarding Clowdis's failure to comply with the monitoring required by the 2011 order. Consequently, the circuit court did not err in limiting its review to that case decision by the agency. Giannoukos, 44 Va. App. at 698-700, 607 S.E.2d at 138.

CONCLUSION

Clowdis did not appeal pursuant to VAPA the 2007 action by the Department of Health Professions or the 2011 order by the Virginia Board of Medicine. Consequently, Clowdis cannot now argue that those agency decisions were in error. Clowdis acknowledges that he failed to comply with the requirements of the 2011 order staying suspension of his medical license. He thereby concedes there was substantial evidence to support the Board's finding that he was not in compliance with the 2011 order. The circuit court did not err in affirming the Board's decision. We now also affirm.

Affirmed.