643 S.E.2d 470 (2007)
In re A.C., a minor Juvenile.
No. COA06-1526.
Court of Appeals of North Carolina.
April 17, 2007.
Wendy L. Sivori, Kenansville, for Duplin County Department of Social Services, petitioner appellee.
*471 Lisa Skinner Lefler, Wilmington, for respondent-appellant.
Parker Poe Adams & Bernstein, LLP, by Susan L. Dunathan and Robert A. Leandro, Raleigh, for Guardian ad Litem appellee.
McCULLOUGH, Judge.
Respondent-father appeals from an order terminating his parental rights to the juvenile A.C. We dismiss the appeal.
"Rule 3 of the North Carolina Rules of Appellate Procedure provides that a party entitled by law to take an appeal from an order of the trial court may `appeal by filing notice of appeal with the clerk of superior court and serving copies thereof upon all other parties[.]'" Ribble v. Ribble, ___ N.C.App. ___, ___, 637 S.E.2d 239, 240 (2006) (citation omitted). Rule 26 states:
Papers presented for filing shall contain an acknowledgment of service by the person served or proof of service in the form of a statement of the date and manner of service and of the names of the persons served, certified by the person who made service. Proof of service shall appear on or be affixed to the papers filed.
N.C. R.App. P. 26(d). In Ribble, we dismissed an appeal because the record before us contained "no certificate of service of the notice of appeal as required by our Appellate Rules 3 and 26 and plaintiff has not waived defendant's failure to include proof of service of his notice of appeal." Ribble, ___ N.C.App. at ___, 637 S.E.2d at 240.
Here, it appears that respondent failed to serve a copy of the notice of appeal on DSS because no such notice is included in the record even though copies of the notice served on the clerk of the district court division and the trial judge are included in the record. Also, respondent concedes in his petition for writ of certiorari that he "failed to include a certificate of service with his notices of appeal." DSS did not waive respondent's failure to include proof of service of his notice of appeal by filing its motion to dismiss prior to participating in the appeal without objection.
Respondent filed a petition for writ of certiorari pursuant to Rule 21 of the North Carolina Rules of Appellate Procedure as an alternative ground for appellate review. However, Rule 21(a)(1) only allows us to permit review "when the right to prosecute an appeal has been lost by failure to take timely action, or when no right of appeal from an interlocutory order exists, or for review pursuant to G.S. 15A-1422(c)(3) of an order of the trial court denying a motion for appropriate relief."
Accordingly, we grant DSS's motion to dismiss and deny respondent's petition for writ of certiorari.
Dismissed.
Judge TYSON concurs.
Judge HUNTER concurs with separate opinion.
HUNTER, Judge, concurring.
While I concur in the dismissal of this case based on Ribble v. Ribble, ___ N.C.App. ___, 637 S.E.2d 239 (2006), I vote to allow the petition for writ of certiorari filed by respondent pursuant to Rule 21. Respondent here is indigent and was in prison at the time he sent notices of his appeal himself, in his own handwriting, to the judge and clerk of court despite the fact that he was represented by counsel at trial.
Nonetheless, I have reviewed the order of the trial court terminating respondent's parental rights, and I would affirm it based on the finding of neglect.