EDWARD L. HALE v. AFRO-AMERICAN ARTS INTERNATIONAL, INC. AND RICK SLADE

No. 291A93

(Filed 3 December 1993)

**Appeal and Error § 8 (NCI4th)— waiver of service of notice of appeal—jurisdiction of Court of Appeals**

Plaintiff waived service of notice of defendants' appeal by not raising the issue by motion or otherwise and by participating without objection in the appeal, and the Court of Appeals thus had jurisdiction of the appeal and should have considered the case on its merits.

**Am Jur 2d, Appeal and Error §§ 316 et seq.**

**HALE v. AFRO-AMERICAN ARTS INTERNATIONAL**

[335 N.C. 231 (1993)]

Appeal by defendants pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 110 N.C. App. 621, 430 S.E.2d 457 (1993), dismissing defendants' appeal from a judgment signed 28 March 1991 and an order signed 24 February 1992 by Albright, J., presiding in Superior Court, Guilford County. Heard in the Supreme Court 15 November 1993.

*Lee D. Andrews for plaintiff-appellee.*

*James W. Swindell for defendant-appellants.*

PER CURIAM.

A majority of the Court of Appeals on its own motion dismissed defendants' appeal after the record on appeal had been served on the appellee and docketed without objection in the Court of Appeals and after all briefs had been duly filed. The basis for the dismissal was that while the record on appeal contained the proper notice of appeal, "[n]othing in the notice . . . shows that plaintiff was given notice of the appeal through service as required by [Appellate] Rule 26(b)." 110 N.C. App. 621, 623, 430 S.E.2d 457, 458. The majority concluded that this was a jurisdictional defect which both the parties and the court were powerless to remedy.

Judge Wynn, dissenting, concluded that failure to serve the notice of appeal was a defect in the record analogous to failure to serve process. Therefore, a party upon whom service of notice of appeal is required may waive the failure of service by not raising the issue by motion or otherwise and by participating without objection in the appeal, as did the plaintiff here. Judge Wynn concluded that plaintiff had thereby waived service of the notice of appeal and that the Court of Appeals had jurisdiction of the appeal and should consider the case on its merits.

For the reasons given in Judge Wynn's dissenting opinion, we reverse the decision of the Court of Appeals dismissing defendants' appeal and remand the case to that court for consideration on the merits.

REVERSED AND REMANDED.