ANGELA GAYLE RIBBLE, Plaintiff v. KEVIN BLAINE RIBBLE, Defendant

No. COA05-1617

(Filed 21 November 2006)

**Appeal and Error— preservation of issues—failure to include certificate of service of notice of appeal**

Defendant's appeal from an order entered 5 May 2005 ordering him to pay plaintiff $1,133.90 per month in support and maintenance of their minor child is dismissed, because: (1) although the record contains a copy of defendant's notice of appeal, there is no certificate of service of the notice of appeal as required by

N.C. R. App. P. 3 and 26; and (2) plaintiff has not waived defendant's failure to include proof of service of the notice of appeal.

Appeal by defendant from an order entered 5 May 2005 by Judge Michael G. Knox in Cabarrus County District Court. Heard in the Court of Appeals 13 September 2006.

*No brief filed for plaintiff-appellee.*

*Troy & Watson, P.A., by Christian R. Troy and Amy M. Watson, for defendant-appellant.*

BRYANT, Judge.

Kevin Blaine Ribble (defendant) appeals from an order entered 5 May 2005 ordering, *inter alia,* defendant to pay Angela Gayle Ribble (plaintiff) $1,133.90 per month in support and maintenance of their minor child. For the reasons below, we dismiss this appeal.

Rule 3 of the North Carolina Rules of Appellate Procedure provides that a party entitled by law to take an appeal from an order of the trial court may "appeal by filing notice of appeal with the clerk of superior court and serving copies thereof upon all other parties[.]" N.C. R. App. P. 3(a). Further, Rule 26 states:

Papers presented for filing shall contain an acknowledgment of service by the person served or proof of service in the form of a statement of the date and manner of service and of the names of the persons served, certified by the person who made service. Proof of service shall appear on or be affixed to the papers filed.

N.C. R. App. P. 26(d).

"The appellant has the burden to see that all necessary papers are before the appellate court." *Crowell Constructors, Inc. v. State ex rel. Cobey,* 328 N.C. 563, 563, 402 S.E.2d 407, 408 (1991) (citing *State v. Stubbs,* 265 N.C. 420, 144 S.E.2d 262 (1965)). Failure to include the certificate of service for a notice of appeal in the record is a violation of Rule 3 and Rule 26 of the North Carolina Rules of Appellate Procedure. *Krantz v. Owens,* 168 N.C. App. 384, 607 S.E.2d 337 (2005); *Hale v. Afro-American Arts Int'l,* 110 N.C. App. 621, 430 S.E.2d 457 (Wynn, J., dissenting), *rev'd per curiam for the reasons stated in the dissent,* 335 N.C. 231, 436 S.E.2d 588 (1993). In adopting the dissent in *Hale,* our Supreme Court held, "a party upon whom service of notice of appeal is required may waive the failure of serv-

ice by not raising the issue by motion or otherwise and by participating without objection in the appeal[.]" *Hale*, 335 N.C. at 232, 436 S.E.2d at 589. However, plaintiff in the instant case has not filed a brief or any other document with this Court or otherwise participated in this appeal. This record does not indicate plaintiff had notice of this appeal and plaintiff has not waived defendant's failure to include proof of service in the record before this Court.

Further, the dissent adopted by our Supreme Court in *Hale* holds that where a party has waived service of the notice of appeal, "the failure to include the proof of service in the Record is inconsequential." *Hale*, 110 N.C. App. at 626, 430 S.E.2d at 460. However, under the subsequent holdings of our Supreme Court in *Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 610 S.E.2d 360, *reh'g denied*, 359 N.C. 643, 617 S.E.2d 662 (2005) and *Munn v. N.C. State Univ.*, 360 N.C. 353, 626 S.E.2d 270 (2006), the failure to include the certificate of service as a violation of the North Carolina Rules of Appellate Procedure is no longer "inconsequential." *See Viar*, at 401, 610 S.E.2d at 360 ("The North Carolina Rules of Appellate Procedure are mandatory and failure to follow these rules will subject an appeal to dismissal." (citation and quotations omitted)); *Munn v. N.C. State Univ.*, 173 N.C. App. 144, 151, 617 S.E.2d 335, 339 (2005) (Jackson, J., dissenting) (stating that dismissal for rule violations is warranted "even though such violations neither impede our comprehension of the issues nor frustrate the appellate process" (citation and quotations omitted)), *rev'd per curiam for the reasons stated in the dissent*, 360 N.C. 353, 626 S.E.2d 270 (2006).

The record before this Court contains a copy of the notice of appeal filed by defendant; however, there is no certificate of service of the notice of appeal as required by our Appellate Rules 3 and 26 and plaintiff has not waived defendant's failure to include proof of service of his notice of appeal. Therefore, we must dismiss this appeal.

Dismissed.

Judges McGEE and ELMORE concur.