641 S.E.2d 414 (2007)
In the Matter of C.T. and B.T.
No. COA06-1272.
Court of Appeals of North Carolina.
March 6, 2007.
Elizabeth Kennedy-Gurnee, Fayetteville, for Petitioner-Appellee Cumberland County Department of Social Services.
Lisa Skinner Lefler, Wilmington, for Respondent-Appellant.
Beth A. Hall, Fayetteville, for Guardian ad Litem.
McGEE, Judge.
R.T. (Respondent) appeals from an order adjudicating his son, C.T., as neglected, and his daughter, B.T., as abused and neglected.
The Cumberland County Department of Social Services (DSS) received a report of suspected sexual abuse of B.T. on or about 13 May 2005, after B.T. wrote a note to her teacher stating that B.T. had been raped by her father. A social worker went to the school to interview B.T., who was emotional and unable to speak. B.T. wrote on a piece of paper that "my dad raped me." The social worker went to B.T.'s home and spoke to Respondent, who denied the allegation. DSS filed a petition on 9 June 2005 alleging that B.T. had been sexually abused and neglected, and that C.T. was neglected.
Dr. Laura Gutman (Dr. Gutman) performed a medical examination on B.T. Dr. Gutman stated that the results of the examination were consistent with B.T.'s allegations that, from approximately November 2004 to May 2005, Respondent had come into B.T.'s bedroom, removed B.T.'s clothing, got into bed with her, rubbed her breasts and vaginal area, and rubbed his penis in and around B.T.'s vaginal area. Respondent also placed B.T.'s hand on his penis.
Both B.T. and C.T. suffered from bed wetting, and B.T. suffered from encopresis (soiling of pants). Although B.T. was eleven years old, she wore pull-ups, a form of diaper. B.T. and C.T. had not received any medical treatment for these conditions since 2001. In the weeks prior to disclosure of the sexual abuse, B.T. experienced soiling of her pants, and her grades at school declined sharply. B.T. also told Dr. Gutman that she suffered nightmares.
In an order filed 17 March 2006, the trial court found that a Pender County court had previously found that Respondent had sexually assaulted a stepdaughter by "committing acts very similar" to those described by B.T. The trial court adjudicated B.T. abused and neglected, and C.T. neglected. Respondent filed a notice of appeal on 6 April 2006. Respondent did not attach a certificate of service to the notice of appeal. DSS and the Guardian ad Litem filed a motion before the trial court on 21 April 2006 to dismiss Respondent's appeal for (1) Respondent's failure to timely file the notice of appeal; and (2) Respondent's failure to properly serve the notice of appeal by failing to attach a certificate *415 of service acknowledging service of all parties to the action. In an order filed 30 June 2006, the trial court denied the motion to dismiss.
After the record was filed with this Court, DSS and the Guardian ad Litem filed a motion to dismiss asserting the same grounds for dismissal. Because we find that Respondent's failure to attach a certificate of service to the notice of appeal is fatal, we dismiss this appeal.
Our appellate rules provide that a party entitled to take an appeal may "appeal by filing notice of appeal with the clerk of superior court and serving copies thereof upon all other parties[.]" N.C.R.App. P. 3(a). The Rules of Appellate Procedure also require that
[p]apers presented for filing shall contain an acknowledgment of service by the person served or proof of service in the form of a statement of the date and manner of service and of the names of the persons served, certified by the person who made service. Proof of service shall appear on or be affixed to the papers filed.
N.C.R.App. P. 26(d). In Ribble v. Ribble, ___ N.C.App. ___, ___, 637 S.E.2d 239, 240 (2006), this Court held that in light of Viar v. N.C. Dep't of Transp., 359 N.C. 400, 610 S.E.2d 360, reh'g denied, 359 N.C. 643, 617 S.E.2d 662 (2005), and Munn v. N.C. State Univ., 360 N.C. 353, 626 S.E.2d 270 (2006), "the failure to include the certificate of service as a violation of the North Carolina Rules of Appellate Procedure is no longer `inconsequential.'" In the present case, as in Ribble,
[t]he record before this Court contains a copy of the notice of appeal filed by [Respondent]; however, there is no certificate of service of the notice of appeal as required by our Appellate Rules 3 and 26 and [DSS and the Guardian ad Litem] ha[ve] not waived [Respondent's] failure to include proof of service of his notice of appeal. Therefore, we must dismiss this appeal.
Id. at ___, 637 S.E.2d at 240. We find Ribble indistinguishable from the case before us, and therefore dismiss Respondent's appeal. Because this defect is fatal to Respondent's appeal, we do not determine whether the notice of appeal was timely filed.
Dismissed.
Chief Judge MARTIN concurs.
Judge WYNN dissents by separate opinion.
WYNN, Judge, dissenting:
For the reasons given in my dissenting opinion in Hale v. Afro-American Arts Int'l, 110 N.C.App. 621, 430 S.E.2d 457 which were adopted per curiam by our Supreme Court in Hale v. Afro-American Arts Int'l, 335 N.C. 231, 436 S.E.2d 588 (1993), I dissent.
Viar v. N.C. Dep't of Transp., 359 N.C. 400, 610 S.E.2d 360 (2005) did not overrule the well-settled holding of Hale. Accordingly, and with due respect, this Court in Ribble v. Ribble, ___ N.C.App. ___, 637 S.E.2d 239 (2006) did not have the authority to overrule our Supreme Court's holding in Hale.