MARK BLEVINS D/B/A RAINBOW RECYCLING, Petitioner v. TOWN OF WEST JEFFERSON and TOWN OF WEST JEFFERSON BOARD OF ADJUSTMENT, Respondents

No. COA06-930

(Filed 17 April 2007)

**Appeal and Error— appellate rules violations—record on appeal**

Respondent town's appeal from the trial court entering an order reversing its zoning decision is dismissed, because: (1) the record on appeal does not show respondents' purported notice of appeal was filed with the Ashe County Clerk of Superior Court as required by N.C. R. App. P. 3; (2) the record does not contain a stamped or filed copy of a notice of appeal from the superior court decision as required by N.C. R. App. P. 9 but contains a notice of appeal from the Board of Adjustment; and (3) respondents' failure to include proof of service of petitioner in the record on appeal is a fatal defect under N.C. R. App. P. 3 and 26 that requires dismissal.

Judge GEER dissenting.

Appeal by respondents from order entered 26 April 2006 by Judge Michael E. Helms in Ashe County Superior Court. Heard in the Court of Appeals 21 February 2007.

*Kilby & Hurley Attorneys, by John T. Kilby, for petitioner-appellee.*

*Vannoy & Reeves, PLLC, by Jimmy D. Reeves and John Benjamin "Jak" Reeves, for respondents-appellants.*

TYSON, Judge.

Town of West Jefferson and Town of West Jefferson Board of Adjustment ("respondents") purports to appeal from order entered reversing respondents' decision. We dismiss.

## I. Background

On 26 April 2006, the trial court entered an order reversing the decision of the Town of West Jefferson Board of Adjustment. The trial court concluded: (1) Mark Blevins d/b/a Rainbow Recycling's ("petitioner") "business activity whether a 'junkyard' or 'recycling facility' is an activity that is both expressly and implicitly allowed under Sections 40.7 and 55.1 of the Town Zoning Ordinance on property that is zoned as *M-1 (Manufacturing/Industrial);*" and (2) "[i]n light of this ruling the Court does not find it necessary to address the other issues raised by the Petitioner."

On 6 July 2006, respondents filed a stipulated record on appeal with this Court. Respondents' record on appeal does not contain a filed notice of appeal from the decision of the superior court. The heading on the notice in the record on appeal contains a "notice of appeal" from the "BOARD OF ADJUSTMENT." Respondents' "notice of appeal" from the Board of Adjustment also does not contain a file stamp or other indication to show it was filed with the clerk of superior court. The record on appeal does not include any certificate of service or other documentation to show respondents' purported "notice of appeal" was properly served on petitioner.

## II. Appellate Jurisdiction

Rule 3 of the North Carolina Rules of Appellate Procedure states:

[a]ny party entitled by law to appeal from a judgment or order of a superior or district court rendered in a civil action or special proceeding may take appeal by *filing notice of appeal with the clerk of superior court and serving copies thereof upon all other parties* within the time prescribed by subdivision (c) of this rule.

N.C. R. App. P. 3(a) (2007) (emphasis supplied).

The notice of appeal required to be filed and served by sub-division (a) of this rule shall specify the party or parties taking the appeal; shall designate the judgment or order from which appeal is taken and the court to which appeal is taken; and shall be signed by counsel of record for the party or parties taking the appeal, or by any such party not represented by counsel of record.

N.C. R. App. P. 3(d). "Service of copies of the notice of appeal may be made as provided in Rule 26 of these rules." N.C.R. App. P. 3(e).

"In order to confer jurisdiction on the state's appellate courts, appellants of lower court orders must comply with the requirements of Rule 3 of the North Carolina Rules of Appellate Procedure." *Bailey v. State*, 353 N.C. 142, 156, 540 S.E.2d 313, 322 (2000) (citations omitted). Appellate Rule 3 is jurisdictional and if not complied with the appeal must be dismissed. *Currin-Dillehay Bldg. Supply v. Frazier*, 100 N.C. App. 188, 189, 394 S.E.2d 683, 683 (citing *Giannitrapani v. Duke University*, 30 N.C. App. 667, 228 S.E.2d 46 (1976)), 327 N.C. 633, 399 S.E.2d 326 (1990); *Bailey*, 353 N.C. at 156, 540 S.E.2d at 322 (failure to comply "mandates" dismissal of the appeal.).

This Court "cannot waive the jurisdictional requirements of Rule 3 if they have not been met." *Guilford Co. Dept. of Emer. Serv. v. Seaboard Chemical Corp.*, 114 N.C. App. 1, 9, 441 S.E.2d 177, 181 (citing *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317, 101 L. Ed. 2d 285, 291 (1988)), 336 N.C. 604, 447 S.E.2d 390 (1994). "Without proper notice of appeal, this Court acquires no jurisdiction." *Brooks, Com'r of Labor v. Gooden*, 69 N.C. App. 701, 707, 318 S.E.2d 348, 352 (1984). "[J]urisdiction cannot be conferred by consent, waiver, or estoppel . . . [j]urisdiction rests upon the law and the law alone. It is never dependent on the conduct of the parties." *Feldman v. Feldman*, 236 N.C. 731, 734, 73 S.E.2d 865, 867 (1953). "The appellant has the burden to see that all necessary papers are before the appellate court." *Crowell Constructors, Inc. v. State ex rel. Cobey*, 328 N.C. 563, 563, 402 S.E.2d 407, 408 (1991) (citing *State v. Stubbs*, 265 N.C. 420, 144 S.E.2d 262 (1965)).

### A. Notice of Appeal From the Superior Court

The record on appeal does not contain a notice of appeal from the superior court's order that was filed with the clerk of superior court. The record on appeal only contains an unfiled "notice of appeal" to this Court from the "Town of West Jefferson Board of

Adjustment" and does not contain a Certificate of Service of the notice on petitioner.

Appellate Rule 3 states that respondents may take appeal "by filing notice of appeal with the clerk of superior court." Respondent failed to show they filed a notice of appeal of the superior court's order with the clerk of superior court. "Without proper notice of appeal, this Court acquires no jurisdiction." *Brooks*, 69 N.C. App. at 707, 318 S.E.2d at 352. This Court does not possess jurisdiction to address respondents' purported appeal and is dismissed.

### B. Filed Notice of Appeal

The purported notice of appeal does not show it was either filed with or stamped by the Clerk of Superior Court of Ashe County. Rule 9 of the North Carolina Rules of Appellate Procedure requires "[t]he record on appeal in civil actions . . . shall contain: i. a copy of the notice of appeal[.]" N.C. R. App. P. 9(a)(1)(i). "Every pleading, motion, affidavit, or other paper included in the record on appeal shall show the date on which it was filed and, if verified, the date of verification and the person who verified." N.C. R. App. P. 9(b)(3). Respondent failed to provide a stamped copy of a notice of appeal filed with the Clerk of Superior Court. Respondent failed to comply with the jurisdictional requirements in Appellate Rule 3.

### C. Service of Process for Notice of Appeal

Respondents' record on appeal also failed to contain any certification to show respondents served a copy of the purported notice of appeal on petitioner. Recently, this Court addressed the consequence of an appellant's failure to include proof of service of process of a notice of appeal. This Court stated:

> [T]he dissent adopted by our Supreme Court in *Hale* holds that where a party has waived service of the notice of appeal, "the failure to include the proof of service in the Record is inconsequential." *Hale*, 110 N.C. App. at 626, 430 S.E.2d at 460. However, under the subsequent holdings of our Supreme Court in *Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 610 S.E.2d 360, *reh'g denied*, 359 N.C. 643, 617 S.E.2d 662 (2005) and *Munn v. N.C. State Univ.*, 360 N.C. 353, 626 S.E.2d 270 (2006), the failure to include the certificate of service as a violation of the North Carolina Rules of Appellate Procedure is no longer "inconsequential." *See Viar*, at 401, 610 S.E.2d at 360 ("The North Carolina Rules of Appellate Procedure are mandatory and failure to follow these rules will

subject an appeal to dismissal." (citation and quotations omitted)); *Munn v. N.C. State Univ.*, 173 N.C. App. 144, 151, 617 S.E.2d 335, 339 (2005) (Jackson, J., dissenting) (stating that dismissal for rule violations is warranted "even though such violations neither impede our comprehension of the issues nor frustrate the appellate process" (citation and quotations omitted)), *rev'd per curiam for the reasons stated in the dissent*, 360 N.C. 353, 626 S.E.2d 270 (2006).

The record before this Court contains a copy of the notice of appeal filed by defendant; however, there is no certificate of service of the notice of appeal as required by our Appellate Rules 3 and 26 and plaintiff has not waived defendant's failure to include proof of service of his notice of appeal. Therefore, we must dismiss this appeal.

*Ribble v. Ribble*, 180 N.C. App. 341, 342-43, 637 S.E.2d 239, 240 (2006).

Further holdings of this Court apply *Ribble* to issues identical to those at bar. "In *Ribble* . . . this Court held that in light of *Viar* . . . and *Munn* . . . the failure to include the certificate of service as a violation of the North Carolina Rules of Appellate Procedure is no longer inconsequential." *In re C.T. & B.T.*, 182 N.C. App. ——, ——, —— S.E.2d ——, —— (6 March 2007) (No. COA06-1272) (quotations and citations omitted).

Failure to file a certificate of service to the notice of appeal is a fatal defect that requires dismissal. *Id.* "This Court has held that one panel of the Court of Appeals may not overrule the decision of another panel on the same question in the same case." *In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 36 (1989). "Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court." *Id.* at 384, 379 S.E.2d at 37.

Respondents failed to include proof of service of their purported notice of appeal on petitioner in the record on appeal. Respondents failed to follow the jurisdictional requirements set forth in Appellate Rule 3 and Appellate Rule 26. Respondents' failure to include a certificate of service to the notice of appeal is a fatal defect that requires dismissal. *Id.* This Court has not acquired jurisdiction and respondents' purported appeal must be dismissed.

### III. Conclusion

The record on appeal does not show respondents' purported notice of appeal was filed with the Ashe County Clerk of Superior Court. The record also does not contain a stamped or filed copy of a notice of appeal. Respondents' failure to include proof of service on petitioner in the record on appeal is a fatal defect that requires dismissal. *Ribble*, 180 N.C. App. at 343, 637 S.E.2d at 240; *In re C.T. & B.T.*, 182 N.C. App. at ——, —— S.E.2d at ——.

For either of these reasons, this Court has not acquired jurisdiction to hear respondents' appeal. Respondents' appeal is dismissed.

Dismissed.

Judge ELMORE concurs.

Judge GEER dissents by separate opinion.

GEER, Judge, dissenting.

After reviewing the record on appeal, I cannot agree with the majority opinion's conclusion that respondents-appellants failed to include a proper notice of appeal in the record on appeal. I, therefore, respectfully dissent.

The majority opinion states that the notice of appeal contained in the record is from the Board of Adjustment decision. Apart from the fact that the appellant Board of Adjustment would not file a notice of appeal from its own decision, I believe the notice of appeal properly appeals from the superior court order. The notice of appeal states: "Defendants give notice of their appeal to the Court of Appeals of North Carolina of the judgment in this action which was entered on 26 April 2006." The order of the superior court was entered on 26 April 2006. This notice of appeal complies with N.C.R. App. P. 3(d) because it "specif[ies] the party or parties taking the appeal; . . . designate[s] the judgment or order from which appeal is taken and the court to which appeal is taken; and [is] signed by counsel of record for the party or parties taking the appeal . . . ."

Although the caption of the notice of appeal does, for reasons unknown, refer to the "BOARD OF ADJUSTMENT" in the upper right hand corner under "IN THE GENERAL COURT OF JUSTICE," I cannot see how that error transforms a notice of appeal that appeals "the

judgment in this action which was entered on 26 April 2006" into a notice of appeal by the Board of Adjustment from its own order signed on 16 February 2006. I would, therefore, hold that the notice of appeal properly appeals from the decision of the superior court.

The majority opinion next states that the notice of appeal does not show that it was filed with the Clerk of Superior Court of Ashe County. The record on appeal, however, contains a Rule 9(a)(1)(b) statement specifically stating that the notice of appeal was "filed on 3 May 2006 with the Clerk for the Superior Court for Ashe County." Petitioner-appellee stipulated to the record on appeal and thus stipulated to this statement. The record on appeal, therefore, contains an adequate statement as to the date that the notice of appeal was filed, as required by N.C.R. App. P. 9(b)(3).

Finally, the majority opinion relies upon *Ribble v. Ribble*, 180 N.C. App. 341, 637 S.E.2d 239 (2006), and *In re C.T. & B.T.*, 182 N.C. App. 166, 641 S.E.2d 414 (2007), to hold that the appeal must be dismissed for failure to include the certificate of service for the notice of appeal. This issue, however, has been specifically addressed and resolved by our Supreme Court contrary to the position taken by the majority opinion in this case.

In *Hale v. Afro-Am. Arts Int'l, Inc.*, 110 N.C. App. 621, 623, 430 S.E.2d 457, 458, *rev'd per curiam*, 335 N.C. 231, 436 S.E.2d 588 (1993), the majority held, precisely like the majority in this case: "Without proper service of notice of appeal on the other party as required by Rule 26(b), and proof pursuant to Rule 26(d) in the record before this Court that such notice was given, this Court obtains no jurisdiction over the appeal." Judge Wynn, dissenting, wrote: "[W]here the appellee failed, by motion or otherwise, to raise the issue as to service of notice [of appeal] in either the trial court or in this Court and has proceeded to file a brief arguing the merits of the case, I vote to hold that he has waived service of notice and, thus, the failure to include the proof of service in the Record is inconsequential." *Id.* at 626, 430 S.E.2d at 460 (Wynn, J., dissenting).

Our Supreme Court issued a per curiam opinion reversing, in which it wrote:

Judge Wynn, dissenting, concluded that failure to serve the notice of appeal was a defect in the record analogous to failure to serve process. Therefore, a party upon whom service of notice of appeal is required may waive the failure of service by not raising

the issue by motion or otherwise and by participating without objection in the appeal, as did the plaintiff here. Judge Wynn concluded that plaintiff had thereby waived service of the notice of appeal and that the Court of Appeals had jurisdiction of the appeal and should consider the case on its merits.

> For the reasons given in Judge Wynn's dissenting opinion, we reverse the decision of the Court of Appeals dismissing defendants' appeal and remand the case to that court for consideration on the merits.

*Hale*, 335 N.C. at 232, 436 S.E.2d at 589.

In this case, petitioner-appellee stipulated to the record on appeal, did not raise any issue as to service of the notice of appeal in the superior court or in this Court, and filed a brief in this Court addressing the merits of the appeal. The issue regarding the notice of appeal was raised *sua sponte* by this Court. This case cannot meaningfully be distinguished from *Hale*. *Hale* requires that we hold that the appellee has waived the issue, and the failure to include a certificate of service in the record on appeal does not warrant dismissal. 110 N.C. App. at 626, 430 S.E.2d at 460 (Wynn, J., dissenting).

Neither *Ribble* nor *C.T.* leads to a different conclusion. In *Ribble*, the Court found "plaintiff in the instant case has not filed a brief or any other document with this Court or otherwise participated in this appeal. This record does not indicate plaintiff had notice of this appeal and *plaintiff has not waived defendant's failure to include proof of service in the record* before this Court." 180 N.C. App. at 343, 637 S.E.2d at 240 (emphasis added).

In *C.T. & B.T.*, DSS and the guardian ad litem filed a motion in the trial court to dismiss the appeal for failure to timely file the notice of appeal and for failure to properly serve the notice of appeal. 182 N.C. App. at 167, 641 S.E.2d at 414-15. On appeal, the two parties also filed a motion to dismiss in this Court asserting the same grounds. *Id.*, 641 S.E.2d at 415. This Court specifically noted that neither DSS nor the guardian ad litem had waived the failure to include proof of service and, based on that lack of waiver, concluded that *Ribble* was "indistinguishable from the case before us, and therefore dismiss[ed] Respondent's appeal." *Id.* at 168, 641 S.E.2d at 415.

Thus, there was no waiver of the certificate of service issue by the appellee in either *Ribble* or *C.T.* Those two cases were distinguishable from *Hale*, while this case is not. The majority is not apply-

ing *Ribble* and *C.T.*, but rather is seeking to extend them so as to completely overrule *Hale*. To the extent that the majority argues that *Ribble* and *C.T.* hold that *Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 610 S.E.2d 360 (2005) (per curiam), overruled *Hale*, any such discussion is at most dicta and not controlling in this case in which the appellee has waived any issue regarding the certificate of service.

Moreover, *Viar* does not specifically address the issue at hand. *Hale* is directly on point. I am not comfortable broadly assuming that the Supreme Court has *sub silentio* overruled its own prior decisions—or in construing as controlling authority mere dicta suggesting such a possibility. It is inconsistent with the concept of precedent to dismiss an appeal that fully complies with a prior Supreme Court decision on the basis that a subsequent opinion of the Supreme Court—not specifically addressing the issue—silently overruled that prior opinion. It is particularly inappropriate to do so *sua sponte* without notice to the appellant and without any opportunity to correct the purported error by moving to amend the record on appeal.

In sum, the record on appeal contains a notice of appeal from the superior court order and states the date upon which that notice of appeal was filed. *Hale* holds that a failure to include a certificate of service for the notice of appeal does not support dismissal of the appeal if, as here, the appellee has waived the issue. Accordingly, I would not dismiss the appeal, but rather, as the Supreme Court mandated in *Hale*, would address the merits.