**McQUILLIN v. PEREZ**

[189 N.C. App. 394 (2008)]

AMY McQUILLIN, Plaintiff v. CARLOS PEREZ, Defendant

No. COA07-949

(Filed 18 March 2008)

**Appeal and Error— preservation of issues—appellate rules violations—notice of appeal—failure to include certificate of service—appeal dismissed**

Plaintiff's appeal from an order denying her motion in aid of enforcement of execution to recover against an annuity defendant had purchased from Jefferson-Pilot Insurance Company (JP) while a resident of Florida is dismissed because: (1) plaintiff's notice of appeal did not comport with the requirements of N.C. R. App. P. 3 when plaintiff's notice of appeal purported to be brought under Rule 4 which governs a criminal case, plaintiff failed to indicate to which court the appeal was taken, and there was no certificate of service of the notice of appeal in the record on appeal as required by N.C. R. App. P. 26; (2) JP did not waive the issue and the court is without jurisdiction to hear the appeal since JP filed a motion to dismiss the appeal based on a defective notice of appeal including a lack of certificate of service in the record; and (3) plaintiff failed to comply with N.C. R. App. P. 28(b)(6) when there was no statement of the applicable standard of review either at the beginning of each question presented or at the beginning of the discussion of all questions presented.

Appeal by plaintiff from an order entered 19 April 2007 by Judge Ronald E. Spivey in Forsyth County Superior Court. Heard in the Court of Appeals 6 February 2008.

*William E. West, Jr., for plaintiff-appellant.*

*Gregory T. Higgins, for Jefferson-Pilot Life Insurance Company, respondent-appellee.*

*No brief filed, for defendant-appellee.*

JACKSON, Judge.

Pursuant to a civil judgment issued on 11 August 2005 in Indian River County, Florida ("the Florida judgment"), Amy McQuillin ("plaintiff") was awarded the sum of $15,000,000.00 from Carlos Perez ("defendant"). On 12 July 2006, plaintiff filed the Florida judg-

ment with the Forsyth County Clerk of Superior Court. By order dated 18 September 2006, the Florida judgment was domesticated and given full faith and credit in North Carolina. Plaintiff sought to recover against an annuity defendant had purchased from Jefferson-Pilot Insurance Company ("JP") while a resident of Florida. On 6 February 2007, plaintiff filed a motion in aid of enforcement of execution in Forsyth County in an attempt to execute against defendant's annuity with JP in Guilford County.

After a hearing held before an assistant clerk of the Forsyth County Superior Court, the matter was referred to a superior court judge for decision. On 25 April 2007, the trial court entered an order denying plaintiff's motion in aid of enforcement of execution, without prejudice to her right to seek to levy upon the annuity in the State of Florida. Plaintiff brought a motion pursuant to Rule 52(b) of the North Carolina Rules of Civil Procedure requesting the trial court make findings of fact and conclusions of law. The court's order was amended on 21 May 2007 to include findings of fact and conclusions of law, including that the laws of Florida control whether the annuity is subject to levy and execution.

Before reaching the merits of plaintiff's appeal, we first must address JP's motion to dismiss the appeal which is pending before this Court. Among JP's arguments for dismissal is a defective notice of appeal. Rule 3 of the North Carolina Rules of Appellate Procedure governs how and when appeals are taken in civil cases. Pursuant to Rule 3,

> [a]ny party entitled by law to appeal from a judgment or order of a superior or district court rendered in a civil action or special proceeding may take appeal by filing notice of appeal with the clerk of superior court *and serving copies thereof upon all other parties* within the time prescribed by subdivision (c) of this rule.

N.C. R. App. P. 3(a) (2007) (emphasis added).

Plaintiff's notice of appeal does not comport with the requirements of Rule 3. First, it purports to be brought pursuant to Rule 4 of the North Carolina Rules of Appellate Procedure. Rule 4 governs how and when appeals in criminal cases are to be taken. Plaintiff did not appeal a criminal case.

Second, plaintiff's notice of appeal fails to indicate to which court the appeal is taken. Among other things, the notice of appeal "shall

designate . . . the court to which appeal is taken[.]" N.C. R. App. P. 3(d) (2007). Plaintiff contends that such designation is unnecessary under the circumstances. However, she cites no authority in support of this contention; therefore, it is deemed abandoned. *See* N.C. R. App. P. 28(b)(6) (2007) ("Assignments of error . . . in support of which no . . . authority [is] cited, will be taken as abandoned.").

Finally, and most significantly, there is no certificate of service of the notice of appeal in the record on appeal.

> Papers presented for filing shall contain an acknowledgment of service by the person served or proof of service in the form of a statement of the date and manner of service and of the names of the persons served, certified by the person who made service. Proof of service shall appear on or be affixed to the papers filed.

N.C. R. App. P. 26(d) (2007). Without proof of service, we cannot know whether a copy of the notice of appeal was properly served upon defendant. This issue is controlled by *In re C.T. & B.T.*, 182 N.C. App. 166, 641 S.E.2d 414, *aff'd*, 361 N.C. 581, 650 S.E.2d 593 (2007) (per curiam). *See also Blevins v. Town of West Jefferson*, 182 N.C. App. 675, 643 S.E.2d 465, *rev'd*, 361 N.C. 578, 653 S.E.2d 392 (2007) (per curiam).

In *C.T.*, the appellant had not attached a certificate of service to the notice of appeal in the record on appeal and the appellees had filed a motion to dismiss the appeal. This Court held that the failure to attach a certificate of service was fatal and dismissed the appeal. *C.T.*, 182 N.C. App. at 168, 641 S.E.2d at 415.

There also was no certificate of service in the record on appeal in *Blevins*; however, the issue was raised *sua sponte* by the Court, rather than by the parties by motion or otherwise. Our Supreme Court agreed with Judge Geer's dissent in which she stated that a failure to include a certificate of service for the notice of appeal does not support dismissal of the appeal if the appellee has waived the issue by failing to raise the issue by motion or otherwise. *Blevins*, 182 N.C. App. at 679, 643 S.E.2d at 469-70 (Geer, J., dissenting).

In *Hale v. Afro-American Arts International*, 110 N.C. App. 621, 430 S.E.2d 457, *rev'd per curiam*, 335 N.C. 231, 436 S.E.2d 588 (1993), this Court stated that "[w]ithout proper service of notice of appeal on the other party as required by Rule 26(b) [of the North Carolina Rules

of Appellate Procedure], and proof pursuant to Rule 26(d) in the record before this Court that such notice was given, this Court obtains no jurisdiction over the appeal." *Id.* at 623, 430 S.E.2d at 458 (citation omitted). In his dissent, adopted by our Supreme Court in its *per curiam* opinion, Judge Wynn added that the appellee may waive the service of the notice of appeal without depriving this Court of subject matter jurisdiction. *Id.* at 625, 430 S.E.2d at 459-60 (Wynn, J., dissenting). The failure to include the proof of service in the record was inconsequential "where the appellee failed, by motion or otherwise, to raise the issue as to service of notice in either the trial court or in this Court and has proceeded to file a brief arguing the merits of the case." *Id.* at 626, 430 S.E.2d at 460 (Wynn, J., dissenting).

In the case *sub judice*, as in *C.T.*, the record on appeal contains no certificate of service of the notice of appeal, and JP filed a motion to dismiss the appeal, alleging a defective notice of appeal, including a lack of certificate of service in the record. Therefore, JP has not waived the issue and this Court is without jurisdiction to hear the appeal. Further, "[a]ppellate Rule 3 is jurisdictional and if the requirements of this rule are not complied with, the appeal must be dismissed." *Currin-Dillehay Bldg. Supply, Inc. v. Frazier*, 100 N.C. App. 188, 189, 394 S.E.2d 683, 683, *disc. rev. denied*, 327 N.C. 633, 399 S.E.2d 326 (1990) (citing *Giannitrapani v. Duke University*, 30 N.C. App. 667, 228 S.E.2d 46 (1976)).

In addition to failing to comply with Rule 3, plaintiff has failed to comply with Rule 26 as described above, and Rule 28 of our Rules of Appellate Procedure. Pursuant to Rule 28(b)(6), "[t]he argument shall contain a concise statement of the applicable standard(s) of review for each question presented, which shall appear either at the beginning of the discussion of each question presented or under a separate heading placed before the beginning of the discussion of all the questions presented." N.C. R. App. P. 28(b)(6) (2007). There is no statement of the applicable standard of review, either at the beginning of each question presented or at the beginning of the discussion of all questions presented.

Our Appellate Rules are mandatory, and failure to comply with them subjects an appeal to dismissal. *State v. Hart*, 361 N.C. 309, 311, 644 S.E.2d 201, 202 (2007). Although this Court was reminded in *Hart* that not every rules violation requires dismissal, *id.*, due to the nature of the rules violations in the instant case and JP's motion to dismiss, this appeal must be dismissed.

**HEATHERLY v. HOLLINGSWORTH CO.**

[189 N.C. App. 398 (2008)]

Dismissed.

Judges HUNTER and BRYANT concur.