An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-929

NORTH CAROLINA COURT OF APPEALS

Filed: 4 February 2014

IN THE MATTER OF:

                                    Madison County
                                    Nos. 08 JA 29-30
K.R. and M.R.


Appeal by respondent from order entered 12 April 2013 by Judge Ted McEntire in Madison County District Court. Heard in the Court of Appeals 13 January 2014.

*Anna S. Lucas for father-appellee.*

*Assistant Appellate Defender Joyce L. Terres for respondent-appellant mother.*

*Administrative Office of the Courts, by Appellate Counsel Tawanda N. Foster, for guardian ad litem.*


HUNTER, Robert C., Judge.


Respondent, the mother of the juveniles K.R. and M.R., appeals from an order denying her motion for review. After careful review, we reverse and remand.

**Background**

This matter is before this Court for a second time. The full facts of this case are set forth in unpublished opinion *In re K.R.*, No. COA10-1380, 2011 WL 1467660 (N.C. Ct. App. April 19, 2011).

On 25 August 2008, the Madison County Department of Social Services ("DSS") filed a petition alleging that M.R. was an abused, neglected, and dependent juvenile after the juvenile had been given a drug, Abilify, for which the juvenile did not have a prescription. On the same date, DSS also filed a petition alleging that M.R.'s sibling, K.R., was a neglected and dependent juvenile based on the same facts alleged in the M.R. petition. On 27 October 2008, the juvenile court entered an order adjudicating the juveniles neglected, and custody was granted to DSS. Subsequently, the juvenile court entered a permanency planning review order in which it granted guardianship of the juveniles to their paternal grandparents. Respondent appealed that order, and this Court concluded that several of the juvenile court's findings of fact were either unsupported by the evidence or contrary to the evidence. *K.R.* at *9. Specifically, this Court held that "there was not enough competent evidence upon which the [juvenile] court could award guardianship of the juveniles to the paternal grandparents

without abusing its discretion." *Id*. Accordingly, we reversed the juvenile court's order and remanded for continuation of a permanent plan of reunification with respondent. *Id.* at 9-10.

A review hearing was held on remand on 15 and 16 August 2011. The juvenile court ordered that a trial home placement of the juveniles with respondent should commence prior to 25 August 2011. A permanency planning review hearing was held on 20 February 2012. The court found that the trial placement was going well, and that the trial placement and reunification efforts should continue.

On 23 April 2012, the juvenile court held a hearing and entered an order terminating DSS's custody of the juveniles. The court noted that the parties had agreed to comply with the terms of a Chapter 50 Custody Order entered in Gaston County on 9 July 2008.

On 8 February 2013, respondent filed a motion for review. Respondent stated that the juveniles continued to reside with her pursuant to the juvenile court's 23 April 2012 order until entry of a civil order in Madison County on 19 November 2012. The civil order granted immediate primary care, custody, and control of the juveniles to the father-appellee ("the father"). Respondent was granted supervised visitation. Respondent

claimed that she did not receive notice of the 19 November 2012 hearing and therefore did not appear. Respondent further claimed that she had no knowledge of any change of custody until the father "appeared at her door with sheriff's deputies to retrieve the minor children." Along with the motion for review, respondent stated that she was filing a Rule 60 motion in civil district court seeking to set aside the 19 November 2012 order. Respondent sought return of the juveniles to her primary care, custody, and control, arguing that the civil court lacked jurisdiction because the juvenile court had not terminated its jurisdiction of the matter.

The juvenile court heard respondent's motion on 25 March 2013. The court found that the juvenile court had terminated its jurisdiction in its 23 April 2012 order. Accordingly, the juvenile court declined to consider respondent's motion.

**Grounds for Appeal**

Respondent filed written notice of appeal from the juvenile court's order on 26 April 2013, but the certificate of service indicates that she did not serve the guardian ad litem or DSS. The failure to serve a proper party is a fatal defect which deprives this Court of jurisdiction. *See* N.C.R. App. P. 26(b); *In Re C.T.,* 182 N.C. App. 166, 167, 641 S.E.2d 414, 415

(dismissing the father's appeal because "failure to attach a certificate of service to the notice of appeal is fatal"), *aff'd per curiam*, 361 N.C. 581, 650 S.E.2d 593 (2007). Respondent, cognizant of this deficiency, has filed a petition for writ of certiorari. In our discretion, we allow the petition.

**Argument**

Respondent argues that the juvenile court erred when it determined it lacked jurisdiction to hear her motion for review. We agree.

Whether the juvenile court had subject matter jurisdiction is a question of law and is reviewed *de novo* on appeal. *Powers v. Wagner*, __ N.C. App. __, __, 716 S.E.2d 354, 357 (2011). The Juvenile Code grants our district juvenile courts "exclusive, original jurisdiction over any case involving a juvenile who is alleged to be abused, neglected, or dependent." N.C. Gen. Stat. § 7B-200(a) (2013). "When the [juvenile] court obtains jurisdiction over a juvenile, jurisdiction shall continue until terminated by order of the court or until the juvenile reaches the age of 18 years or is otherwise emancipated, whichever occurs first." N.C. Gen. Stat. § 7B-201(a) (2013).

In *In re S.T.P.*, 202 N.C. App. 468, 473, 689 S.E.2d 223, 227 (2010), this Court reviewed whether the juvenile court's

dispositional order which placed custody of the juvenile with his maternal grandparents had successfully terminated the court's jurisdiction. In its dispositional order following an adjudication of neglect and dependency, the juvenile court stated that the case was closed. *Id*. at 471, 689 S.E.2d at 226. This Court concluded, however, that the juvenile court did not terminate its jurisdiction merely by use of the words "Case closed." *Id.* at 472, 689 S.E.2d at 227. The Court distinguished closing a case from terminating jurisdiction, noting that "neither Mother nor Father were *returned to their pre-petition legal status*." *Id.* at 472, 689 S.E.2d at 227 (emphasis added); *see also* N.C. Gen. Stat. § 7B-201(b) (2013) ("When the court's jurisdiction terminates, whether automatically or by court order, . . . [t]he legal status of the juvenile and the custodial rights of the parties shall revert to the status they were before the juvenile petition was filed[.]"). The Court concluded that the parents had not been returned to their pre-petition status because the juvenile court's order awarded custody to the maternal grandparents, awarded limited visitation to the mother, and ordered the father to stay off of the maternal grandmother's property. *In re S.T.P.* at 472-73, 689 S.E.2d at 227.

In *Rodriguez v. Rodriguez*, 211 N.C. App. 267, 270, 710 S.E.2d 235, 240 (2011), this Court determined, *sua sponte*, that the juvenile court maintained subject matter jurisdiction to review a custody order. DSS had filed a petition alleging abuse, neglect and dependency, and the maternal grandparents subsequently filed a Chapter 50 action seeking custody of the juveniles. *Id.* at 269, 710 S.E.2d at 237. On appeal, this Court determined that the juvenile court had obtained jurisdiction over the juveniles prior to the filing of the grandparents' complaint. *Id.* at 270, 710 S.E.2d at 238. This Court further determined, however, that the juvenile court had, in its order in which it returned physical and legal custody of the juveniles to the mother, terminated its jurisdiction. *Id.* at 273, 710 S.E.2d at 240. This Court noted that although the juvenile court ordered that the mother should provide dental and medical care and therapy for the juveniles, the juvenile court did not specify any details. *Id*. at 271, 710 S.E.2d at 239. This Court further determined that "[b]y relieving DSS and the Guardian ad Litem program of responsibility as to the children and by vacating 'any prior custody order' the juvenile court seems to have indicated its intent to end its involvement with the children entirely." *Id.* at 272, 710 S.E.2d at 239. Thus,

this Court concluded that the juvenile review order had returned the defendant "to her status prior to the filing of the petition[.]" *Id.* Consequently, this Court held that the juvenile court had subject matter jurisdiction to consider the plaintiffs' custody claim because the juvenile matter had been terminated. *Id.* at 273, 710 S.E.2d at 240.

Here, the juvenile court's order is ambiguous, due in part to its brevity. We note, however, that while the juvenile court returned joint custody of the juveniles to respondent and the father, the court did not relieve the guardian ad litem of any further responsibility in the case. *Cf. Rodriguez*, 211 N.C. App. at 272, 710 S.E.2d at 239. The guardian ad litem remains appointed "until formally relieved of the responsibility by the court." N.C. Gen. Stat. § 7B-601(a) (2013). A guardian ad litem appointed to represent a juvenile in accordance with N.C. Gen. Stat. § 7B-601(a), and who has not been relieved of this responsibility, is authorized to file a motion or petition to terminate parental rights. N.C. Gen. Stat. § 7B-1103(a)(6) (2011). Thus, the parties were not completely returned to their pre-petition status. *Rodriguez*, 211 N.C. App. at 272, 710 S.E.2d at 239. Therefore, we hold that the juvenile court did not terminate its jurisdiction, and the juvenile court retained

subject matter jurisdiction to consider respondent's motion for review. Consequently, upon respondent's motion for review, the juvenile court was required to hold a review hearing. *See* N.C. Gen. Stat. § 7B-906(b) ("The Court may not . . . refuse to conduct a review hearing if a party files a motion seeking the review.").[1] Accordingly, we reverse and remand.

## Conclusion

Based on the foregoing reasons, we reverse the order and remand for hearing.


REVERSED AND REMANDED.

Judges BRYANT and STEELMAN concur.

Report per Rule 30(e).

---

[1] The General Assembly has recently merged the provisions regarding custody review hearings, N.C. Gen. Stat. § 7B-906, and permanency planning hearings, N.C. Gen. Stat. § 7B-907, into one provision: N.C. Gen. Stat. § 7B-906.1 (2013). 2013 Sess. Laws 129 §§ 25 and 26. As the proceedings in this matter occurred before the amendment's 1 October 2013 effective date, N.C. Gen. Stat. § 7B-906 still applies.