An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-367

NORTH CAROLINA COURT OF APPEALS

Filed: 16 September 2014

IN THE MATTER OF:

| | |
|---|---|
| M.J.C., A.C., M.C., and | Robeson County |
| L.C. | Nos. 08 JT 263-266 |

Appeal by respondent-father from order entered 15 October 2013 by Judge Herbert L. Richardson in Robeson County District Court. Heard in the Court of Appeals 18 August 2014.

*J. Hal Kinlaw, Jr., for petitioner-appellee Robeson County Department of Social Services.*

*Cranfill Sumner & Hartzog LLP, by Laura E. Dean, for guardian ad litem.*

*Edward Eldred, Attorney at Law, PLLC, for respondent-appellant father.*

HUNTER, Robert C., Judge.

Respondent appeals from an order terminating his parental rights to his four children. Because the order lacks ultimate findings of fact, we reverse and remand for new findings.

**Background**

Respondent is the father of M.J.C., A.C., M.C., and L.C. (collectively "the children"). On 11 September 2008, the Robeson County Department of Social Services ("DSS") filed juvenile petitions alleging the children were neglected and obtained nonsecure custody of the children. By order entered 24 November 2008, the trial court adjudicated the children neglected.

DSS filed a petition to terminate respondent's parental rights to the children on 7 October 2011. DSS alleged that respondent's parental rights were subject to termination pursuant to N.C. Gen. Stat. § 7B-1111(a)(2) (2013) (failure to make reasonable progress) and N.C. Gen. Stat. § 7B-1111(a)(3) (2013) (failure to pay child support towards the care of the children). The termination of parental rights hearing was held on 12 September 2013, after which the trial court entered an order concluding that grounds existed to terminate respondent's parental rights pursuant to section 7B-1111(a)(2). The trial court also determined that termination of respondent's parental rights was in the best interest of the children and terminated his parental rights. Respondent appeals.

**Discussion**

We initially note that respondent's notice of appeal is deficient because the record on appeal lacks proof of service, as required by N.C.R. App. P. 3.1(a). Because respondent's notice of appeal lacks a certificate of service, his appeal is subject to dismissal. *See In re C.T. & B.T.*, 182 N.C. App. 166, 167, 641 S.E.2d 414, 415 (dismissing the respondent-father's appeal because "failure to attach a certificate of service to the notice of appeal is fatal"), *aff'd per curiam*, 361 N.C. 581, 650 S.E.2d 593 (2007). Recognizing that his notice of appeal is deficient, respondent filed a petition for writ of certiorari seeking review of the trial court's judgment. In our discretion, we grant the writ for the purpose of addressing the claims raised by respondent. N.C.R. App. P. 21(a)(1) ("The writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action[.]").

Respondent contends the court erred in terminating his parental rights because it failed to include adequate findings of fact in support of its conclusions of law. We agree.

"The standard of review in termination of parental rights cases is whether the findings of fact are supported by clear,

cogent and convincing evidence and whether these findings, in turn, support the conclusions of law. We then consider, based on the grounds found for termination, whether the trial court abused its discretion in finding termination to be in the best interest of the child." *In re Shepard*, 162 N.C. App. 215, 221-22, 591 S.E.2d 1, 6 (citation and quotations omitted), *disc. review denied sub nom. In re D.S.*, 358 N.C. 543, 599 S.E.2d 42 (2004).

"In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment." N.C. Gen. Stat. § 1A-1, Rule 52(a)(1) (2013). "[T]he trial court must, through 'processes of logical reasoning,' based on the evidentiary facts before it, 'find the ultimate facts essential to support the conclusions of law.'" *In re O.W.*, 164 N.C. App. 699, 702, 596 S.E.2d 851, 853 (2004) (quoting *In re Harton*, 156 N.C. App. 655, 660, 577 S.E.2d 334, 337 (2003)). The trial court's "findings must be sufficiently specific to enable an appellate court to review the decision and test the correctness of the judgment." *Quick v. Quick*, 305 N.C. 446, 451, 290 S.E.2d 653, 657 (1982).

Here, the trial court made over two hundred findings of fact. With the exception of four findings of fact, none of which address failure to make reasonable progress, the findings are nearly verbatim recitations of the allegations contained in the petition to terminate respondent's parental rights and DSS's timeline. While these findings, few of which concern respondent, may help establish the history and context of the case, they do not constitute ultimate findings of fact. Therefore, the findings of fact are not sufficient to support the trial court's conclusion that grounds existed to terminate respondent's parental rights. We further note that the court must follow the mandates of N.C. Gen. Stat. § 7B-1110(a) in determining what is in the children's best interests. *See* N.C. Gen. Stat. § 7B-1110(a) (2013); *see also In re D.H.*, ___ N.C. App. ___, ___, 753 S.E.2d 732, 735 (2014).

## Conclusion

After careful review, we reverse the trial court's order and remand for appropriate findings of fact consistent with this opinion and conclusions of law supported by those findings of fact.

REVERSED AND REMANDED.

Judges DILLON and DAVIS concur.

Report per Rule 30(e).