An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-204

Filed 18 March 2026

Union County, No. 23CVS002046-890

EARLENE THOMPSON, Petitioner,

v.

UNION COUNTY, Respondent.

Appeal by petitioner from order entered 17 July 2024 by Judge Jonathan W. Perry in Union County Superior Court. Heard in the Court of Appeals 26 August 2025.

> *Ferguson, Chambers & Sumter, P.A., by Geraldine Sumter, for petitioner-appellant.*

> *Maynard Nexsen PC, by Joseph W. Moss, Jr. and Kevin Y. Zhao, for respondent-appellee.*

GORE, Judge.

This zoning enforcement case arises from a decision of the Union County Board of Adjustment ("BOA") determining that a detached garage on petitioner Earlene Thompson's residential property was constructed in violation of the applicable side street setback. Petitioner sought judicial review of the BOA's decision, which the

Superior Court, Union County, affirmed.

Jurisdiction lies in this Court pursuant to N.C.G.S. § 7A-27(b). Although the record does not contain a file-stamped copy of the notice of appeal dated 16 August 2024, the parties have stipulated that appellant timely filed the notice on that date. This stipulation is sufficient to establish the filing date for purposes of appellate jurisdiction. *See Blevins v. Town of W. Jefferson*, 361 N.C. 578, 579 (per curiam), *reversing for reasons stated in* 182 N.C. App. 675, 681 (2007) (Geer, J., dissenting); *see also Colonial Plaza Phase Two, LLC v. Cherry's Electronic Tax Servs., LLC*, 386 N.C. 535 (2024) (remanding for reconsideration in light of *Blevins*). Accordingly, the notice of appeal is proper and supports appellate jurisdiction in this case.

After careful review, we affirm the superior court's order.

**I.**

Petitioner resides in Union County, North Carolina. The house on her property was built in 2004, and a detached garage was added in 2009 without a zoning permit. Petitioner purchased the property in 2018. Before purchasing the property, petitioner was aware of the information in the Multiple Listing Service listing for the property that stated: "133K BELOW APPRAISED VALUE, SEE APPRAISAL. CASH OFFERS ONLY—HOUSE IS ENCROACHING ON PRIVATE DRIVE BESIDE HOUSE. Being sold AS IS, NO REPAIRS. See inspection reports. Garages were built without permits . . . ." One of the two garages on the property encroached into a required side street setback and a recorded private right-of-way. *See Thompson v.*

*Union Cnty.*, 283 N.C. App. 547, 561 (2022).

Following a 2019 zoning complaint, Union County issued a Notice of Violation. The BOA affirmed the violation, but this Court vacated the BOA decision regarding the garage and remanded the matter for further proceedings on that issue. *Id.* at 564.

In *Thompson* I, this Court held petitioner had a vested right to maintain the residence as it is because the County had purged its records of permit after six years and the County could not meet its burden of proof to show that the residence was not constructed in compliance with a valid building permit.

> Vested rights in a zoning ordinance can be established through one of two means. *See Browning-Ferris Industries of South Atlantic, Inc. v. Guilford County Bd. of Adjustment*, 126 N.C. App. 168, 171, 484 S.E.2d 411, 414 (1997). Vested rights may be created by qualification with certain statutes or by qualification under the common law. *See id.* Appellants only assert a statutory vested right, and we consequently limit our discussion.
>
> *Issuance of a building permit is a necessary prerequisite to the creation of a vested statutory right under North Carolina General Statute § 153A-344.* *See* § 153A-344(b); *see also Sandy Mush Properties, Inc. v. Rutherford County ex rel. Rutherford County Bd. of Com'rs*, 181 N.C. App. 224, 233, 638 S.E.2d 557, 563 (2007) (interpreting § 153A-344 as applied to an office building with a valid permit). Additionally, any such right created under North Carolina General Statute § 153A-344 may be limited by the precise language of the permit. *See Sandy Mush Properties*, 181 N.C. App. at 235–36, 638 S.E.2d at 564. Should a permit contain language such as "all work will comply with the State Building Code and all other applicable State and Local laws and ordinances," then any rights created under

> North Carolina General Statute § 153A-344 would be
> limited to rights to construct buildings in conformity with
> North Carolina law, including local zoning ordinances. *See
> id.*

*Id.* (emphasis added).

However, petitioner had acknowledged there was no building permit issued
for the garage, so we remanded for an additional hearing to determine if the garage
was in violation of the Land Use Ordinance ("LUO") in existence at the time of its
construction. This Court described the issue to be resolved on remand as follows:

> As to the garage, Appellants acknowledged it was
> constructed without a permit, so the garage could
> potentially be in violation under Section 1.120-B. But
> Section 1.120-B is not in the record before us and the BOA
> failed to make findings of fact regarding the garage and the
> prior ordinance. However, there may be relevant evidence
> available regarding the garage on remand. The survey and
> testimony in evidence address the requirements of the
> 2014 UDO but do not purport to show whether the garage
> violated the ordinance in effect at the time of the
> structure's construction and whether the garage is
> consequently a continuing violation under the 2014 UDO.
>
> Because there was no basis to apply the 2014 UDO to
> Appellants' pre-existing residence and garage, the
> Superior Court erred in affirming the BOA decision finding
> the structures in violation of the 2014 UDO. However,
> *Appellant conceded at the BOA hearing the garage was
> constructed without a permit, so we remand for further
> proceedings with respect to Appellants' garage.*

*Id.* at 559–60 (emphasis added).

On remand, the BOA held a new hearing, and the County presented the LUO
in effect in 2009, when the garage was constructed, and evidence showing that the

- 4 -

garage violated the applicable UDO. The BOA again concluded that the garage violated the LUO. The superior court affirmed that decision, and petitioner now appeals.

## II.

On appeal, petitioner argues that the BOA erred in concluding her detached garage violates applicable zoning ordinances. She contends the County failed to meet its burden to prove a violation and challenges the adequacy of notice and permitting records. Although respondent also addresses vested rights, petitioner does not clearly assert such a claim on appeal. We discern no error.

### A.

A county board of adjustment's quasi-judicial decision is reviewed on certiorari for (1) errors of law, (2) procedural violations, (3) violations of constitutional rights, (4) lack of evidentiary support, or (5) arbitrariness and capriciousness. N.C.G.S. § 160D-1402(j) (2024). We review legal conclusions de novo and factual findings under the whole record test. *See Thompson*, 283 N.C. App. at 552. The petitioner bears the burden to show reversible error in the BOA's decision. *See Humphries v. City of Jacksonville*, 300 N.C. 186, 188–91 (1980) (holding that petitioners must show by competent evidence both statutory noncompliance and resulting material prejudice).

### B.

The BOA's finding that the garage was constructed in violation of the applicable side street setback is supported by competent, material, and substantial

evidence. At the evidentiary hearing on 20 June 2023, the County presented a certified copy of the LUO in effect at the time of the garage's construction in 2009. Under the LUO, the applicable side street setback for an accessory structure of the garage's height on R-20-zoned property was twelve feet. The County also introduced a certified copy of the 2014 UDO, which preserves enforcement authority for violations continuing from earlier ordinances.

The BOA received into evidence a survey showing that the garage encroaches upon the twelve-foot side street setback and further extends five to eight feet into a private sixty-foot right-of-way. The County's zoning administrator, Jim King, and a licensed surveyor testified that the structure's location clearly violated setback requirements. Petitioner did not dispute these measurements or the existence of the encroachment at the hearing.

Accordingly, the BOA's findings that the garage violated the LUO when constructed and that this violation continued under the UDO are supported by substantial evidence. The trial court properly concluded that these findings supported the BOA's legal conclusion that a zoning violation exists and is enforceable.

**C.**

Petitioner argues that the absence of permit records creates a presumption that a permit was issued in 2009 and that the County cannot meet its burden without affirmative proof that no permit existed. However, in *Thompson* I this Court held that that "since no permit was issued for the garage, Appellants have no vested right

under North Carolina General Statute § 153A-344 to maintain the garage where it is located." *Thompson*, 283 N.C. App. at 562. We noted that "Appellant Earlene testified before the BOA that the garage was unpermitted. Therefore, there was no permit that may grant Appellants a vested right to maintain their garage where located." *Id.* at 561.

Petitioner attempts on appeal to repeat her argument of a vested right, this time based on a presumption that a building permit existed despite her prior testimony that there was no permit. But the ruling in *Thompson* I is the law of the case on that issue. The only issue on remand was whether the garage is in violation of the relevant LUO, and the findings as to the violation are supported by the evidence.

As noted in *Thompson* I, "[a]s to the garage, Appellants acknowledged it was constructed without a permit." *Id.* at 559. On remand, the only remaining factual issue to be decided by the BOA was whether the garage was actually in violation of the 2009 LUO. In this appeal, petitioner has attempted to use the fact that the County purged its records after six years to support her argument as to the existence of a building permit for the garage. If this argument had been applicable to the garage, there would have been no reason for this Court to remand for an additional hearing as we did in *Thompson* I; the result for the garage would have been the same as for the residence. But the facts as to the garage were different than for the residence, as noted in *Thompson* I. We noted this distinction in *Thompson* I:

> *As to the residence*, we will not hold Appellee's unilateral decision to purge its records as to permits after 6 years against the Appellants. Appellee had the burden of proving Appellants were in violation of the 2014 UDO but did not produce evidence of any applicable permits issued for the residence and did not provide the ordinance in effect at the time of the residence's construction to the Superior Court.
>
> *As to the garage, Appellants acknowledged it was constructed without a permit*, so the garage could potentially be in violation under Section 1.120-B. But Section 1.120-B is not in the record before us and the BOA failed to make findings of fact regarding the garage and the prior ordinance.

*Id.* (emphasis added).

The trial court correctly concluded that *Thompson* I precluded re-litigation of vested rights under the law of the case doctrine and exceeded the scope of the appellate mandate.

The trial court further found that petitioner did not clearly raise a vested rights argument before the BOA and, in the alternative, that no such right could arise from the unlawful construction of the garage within the required setback and private right-of-way. The BOA's written decision contains no findings or conclusions on vested rights, and petitioner's presentation focused on permitting records and notice, not on any vested rights theory. This conclusion is consistent with precedent holding that issues not presented to the BOA are not properly before the reviewing trial court. *See Bailey & Assocs., Inc. v. Wilmington Bd. of Adjustment*, 202 N.C. App. 177, 195 (2010) (trial court could not consider estoppel argument raised for first time on judicial

review).

We therefore do not reach the merits of any vested rights claim. To the extent the trial court or respondent referenced equitable estoppel or similar defenses, petitioner does not assert any such theory in her appellate brief. Accordingly, we do not address those arguments further.

## III.

The superior court properly concluded that the BOA's decision was supported by competent, material, and substantial evidence and that petitioner failed to show reversible error. The trial court correctly applied the appropriate standard of review, recognized that petitioner's vested rights arguments were barred and not properly preserved, and determined that the BOA's hearing procedures satisfied due process. Because the superior court committed no legal error and its conclusions are supported by the record, we affirm the order upholding the BOA's decision.

AFFIRMED.

Chief Judge DILLON and Judge STROUD concur.

Report per Rule 30(e).