IN THE SUPREME COURT OF NORTH CAROLINA

No. 92A20

Filed 11 December 2020

IN THE MATTER OF: J.S., J.S., J.S.

Appeal pursuant to N.C.G.S. § 7B-1001(a1)(1) from order entered on 26 November 2019 by Judge Aretha V. Blake in District Court, Mecklenburg County. This matter was calendared in the Supreme Court on 23 November 2020 but determined on the record and briefs without oral argument pursuant to Rule 30(f) of the North Carolina Rules of Appellate Procedure.

> *No brief filed for petitioner-appellee Mecklenburg County Department of Social Services, Youth and Family Services Division.*
>
> *Kip David Nelson for appellee Guardian ad Litem.*
>
> *Lisa Anne Wagner for respondent-appellant mother.*

MORGAN, Justice.

Respondent-mother appeals from the trial court's order terminating her parental rights to her minor children, "James," "Jiles," and "Jacyn."[1] Respondent-mother's counsel has filed a no-merit brief pursuant to Rule 3.1(e) of the North Carolina Rules of Appellate Procedure. After an independent review, we conclude that the issues raised by counsel in respondent-mother's brief do not entitle her to

---

[1] We use pseudonyms for respondent-mother's children to protect their privacy and for ease of reading.

relief and affirm the trial court's decision to terminate respondent-mother's parental rights.

James and Jiles entered the nonsecure custody of Mecklenburg County Department of Social Services, Youth and Family Services Division (YFS) upon the agency's 15 March 2018 filing of a juvenile petition which alleged that the children were neglected and dependent. In the petition, YFS represented that it had been involved with the family for several years, that respondent-mother and the children's father had an extensive history of domestic violence, and that respondent-mother's parental rights to another child had previously been terminated. The petition went on to detail recent incidents of domestic violence perpetrated by the father against respondent-mother, alleging that some of them occurred in the presence of James and Jiles. The trial court entered an order adjudicating the two children as neglected juveniles on 5 June 2018.

Jacyn was born in September 2018. On 31 January 2019, YFS filed a petition alleging that Jacyn was a neglected juvenile. In this petition, YFS alleged that respondent-mother had multiple pending criminal charges, that YFS had received a report regarding another incident of domestic violence between respondent-mother and the children's father, and that the parents had not made progress addressing the issues which led to the previous neglect adjudication regarding James and Jiles. YFS was granted nonsecure custody of Jacyn and the agency placed her with her two

brothers. Jacyn was adjudicated as a neglected juvenile by virtue of an order entered by the trial court on 12 March 2019.

YFS filed motions in the cause to terminate respondent-mother's parental rights to Jacyn on 21 June 2019 and to James and Jiles on 28 August 2019. Both motions alleged the same four grounds for termination: (1) neglect, (2) willful failure to pay a reasonable portion of the children's cost of care, (3) abandonment, and (4) respondent-mother's parental rights with respect to another child of hers had been terminated involuntarily and she lacked the ability or willingness to establish a safe home. *See* N.C.G.S. § 7B-1111(a)(1), (3), (7), (9) (2019). The motions were based on substantially the same allegations. In the motions, YFS detailed the circumstances that led to the prior neglect adjudications for the three children and, in light of the submitted information, alleged that respondent-mother had failed to make adequate progress with respect to the case plan requirements that were established to remediate those circumstances.

The motions to terminate respondent-mother's parental rights to the three children were heard on 30 October 2019. Respondent-mother was not present at the hearing. After the evidence was presented, the trial court found that respondent-mother's parental rights were subject to termination pursuant to N.C.G.S. § 7B-1111(a)(1), (7), and (9) (2019): respectively, neglect, abandonment, and the parental rights of respondent-mother with respect to another child of hers had been terminated involuntarily and respondent-mother lacked the ability or willingness to

establish a safe home. The trial court found that there was insufficient evidence of the existence of the alleged ground to terminate addressed in N.C.G.S. § 7B-1111(a)(3) that respondent-mother had willfully failed to pay a reasonable portion of the cost of care for the three juveniles. Lastly, the trial court concluded that termination of respondent-mother's parental rights to James, Jiles, and Jacyn was in the children's best interests. The trial court entered its written order memorializing its decision to terminate respondent-mother's parental rights to all three children on 26 November 2019.[2] Respondent-mother appeals.[3]

Respondent-mother's appellate counsel has filed a no-merit brief on respondent-mother's behalf pursuant to Rule 3.1(e) of the North Carolina Rules of Appellate Procedure. Counsel has also advised respondent-mother of the right to file pro se written arguments on respondent-mother's own behalf with this Court and has provided respondent-mother with the documents necessary to do so. Respondent-mother did not submit any written arguments.[4]

---

[2] The order also terminated the parental rights of the father of James, Jiles, and Jacyn. He did not appeal and therefore is not a party in the matter before this Court.

[3] The record on appeal does not include proof that respondent-mother's notice of appeal was served on the other parties as required by N.C. R. App. P. 3.1(b). However, neither YFS nor the guardian *ad litem* raised this issue, and thus it has been waived. *See Hale v. Afro-Am. Arts Int'l, Inc.*, 335 N.C. 231, 232, 436 S.E.2d 588, 589 (1993) ("[A] party upon whom service of notice of appeal is required may waive the failure of service by not raising the issue by motion or otherwise and by participating without objection in the appeal[.]").

[4] YFS did not submit any appellate materials to this Court, but the guardian *ad litem* did file a brief, agreeing with respondent-mother's counsel that there are no meritorious claims upon which respondent-mother could prevail.

In the no-merit brief, respondent-mother's counsel concedes that there was an adequate basis for the trial court's adjudication regarding the mother's inability to establish a safe home. N.C.G.S. § 7B-1111(a)(9) (providing that a parent's rights can be terminated when parental rights for another child have been terminated and "the parent lacks the ability or willingness to establish a safe home"). Respondent-mother's parental rights to another child had been terminated in an earlier case; the trial court concluded that respondent-mother was unable to establish a safe home in the present case. In light of respondent-mother's history of domestic violence, mental health issues, incarceration, and unstable housing, this determination by the trial court was appropriate. *See In re T.N.H.*, 372 N.C. 403, 412–13, 831 S.E.2d 54, 61–62 (2019) (affirming termination of parental rights pursuant to N.C.G.S. § 7B-1111(a)(9) based on the mother's history of incarceration, unstable housing, and failure to complete a case plan). Accordingly, the trial court did not err in finding and concluding that a basis for termination of respondent-mother's parental rights existed.

As to disposition, counsel for respondent-mother also concedes that the trial court did not abuse its discretion in deciding that termination of respondent-mother's parental rights would be in the children's best interests. This decision can only be reversed if "the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *In re A.R.A.*, 373 N.C. 190, 199, 835 S.E.2d 417, 423 (2019). A trial court is required to consider several

statutory factors and ultimately determine whether termination is in a child's best interests. N.C.G.S. § 7B-1110(a); *In re C.J.C.*, 839 S.E.2d 742, 746 (2020). The trial court here properly considered the pertinent factors and aptly exercised its discretion.

We conduct an independent review of any issues identified in a no-merit brief filed pursuant to Rule 3.1(e). *In re L.E.M.*, 372 N.C. 396, 402, 831 S.E.2d 341, 345 (2019). In the brief filed on behalf of respondent-mother in this appeal, respondent-mother's counsel discusses four issues that could arguably support an appeal, yet acknowledges that the appeal ultimately lacks merit due to the existence of a ground to allow termination of parental rights under N.C.G.S. § 7B-1111(a)(9). Based upon our review of the issues identified in the no-merit brief, we are satisfied that the trial court's 26 November 2019 order was based on proper legal grounds. Accordingly, we affirm the trial court's order terminating respondent-mother's parental rights.

AFFIRMED.